FULLER *v.* KANE.

1. CONTRACTS—CONSTRUCTION.
    It will be presumed, in the absence of anything indicating a contrary intent, that the parties to a contract, in assuming obligations thereunder, did not have in contemplation any change in the existing laws which should affect their rights and duties.

2. MORTGAGES—DUTY TO PAY TAXES—CHANGE IN LAW.
    Hence, a stipulation in a mortgage that the mortgagor shall pay all such taxes and assessments as shall, by any lawful authority, be levied upon the mortgaged premises, does not impose upon him the obligation of paying taxes which, by virtue of subsequent legislation, are assessed against the mortgagee's interest in the land.

Error to Wayne; Hosmer, J. Submitted June 12, 1896. Decided July 31, 1896.

*Assumpsit* by Mary E. Fuller, trustee, against Edward E. Kane, on a promissory note. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Gray & Gray*, for appellant.

*Edward E. Kane, in pro. per.*

MONTGOMERY, J. Prior to 1891, mortgages were assessed against the mortgagee, and the real estate was assessed against the owner. By the act of 1891, the legislature provided for the assessment of mortgages as an interest in lands, and relieved the mortgagor from taxation upon so much of his property as the mortgagee's interest represented. Prior to the enactment of this law, in October, 1889, the defendant executed a mortgage, with a condition to "pay and discharge, or cause to be

paid, within the time prescribed by law, all such taxes and assessments as shall by any lawful authority, while the money secured by these presents remains unpaid, be levied and imposed upon said premises above described;" and it was also agreed that "should any default be made in the payment of the taxes and assessments as above provided, or any part thereof, then in such case it shall be lawful for the party of the second part, her heirs or assigns, * * * to pay and discharge such taxes and assessments, and the money thus paid shall be a lien on said premises, added to the amount secured by these presents, and shall be payable on demand, with interest at five and one-half per cent. per annum."

The sole question presented in this case is whether the stipulations above quoted imposed upon the mortgagor the duty of paying taxes assessed under a law subsequently passed, providing for an assessment against the mortgagee's interest. The learned circuit judge was of the opinion that this undertaking was not to be so construed, and in that opinion I concur. As was said by Pollock, C. B., in *Mayor, etc., of Berwick* v. *Oswald,* 3 El. & Bl. 678:

"Every contract (which does not expressly provide to the contrary) must be considered as made with reference to the existing state of the law, and if, by the intervention of the legislature, a change is made in the law which in any degree affects the contract, such contract, made without some clear and distinct reference to the prospect and possibility of a change, does not hold with reference to the state of things as altered by the new law."

This opinion is cited with approval in End. Interp. Stat. § 461, where it is said:

"The intervention of the legislature in altering the situation of the contracting parties is analogous to a convulsion of nature, against which they no doubt may provide, but, if they do not provide, it is generally to be considered as excepted out of the contract."

In this case we think there is nothing in the language of the contract which evidences a purpose to extend the

obligation of the mortgagor so as to make it include the duty of paying taxes which by subsequent legislation it is made the duty of the mortgagee to pay. The case cited above is instructive, and, while the opinion of Baron Pollock is a minority opinion, the conclusion of the majority appears to be based upon the view that language is employed in the contract under consideration which could not be operative if limited to conditions existing under the law in force at the time it was entered into, so that the principle announced by Baron Pollock seems not to have been controverted. We are cited to the case of *Hammond* v. *Lovell*, 136 Mass. 184, as sustaining the contention of plaintiff. In that case it is implied in the opinion that, prior to the enactment of the statute making the change in the manner of assessing taxes, the mortgagee, if in possession, was liable to be assessed upon the land, and that in that State the legal title to the mortgaged property is vested in the mortgagee. This would distinguish the cases, as, if such be the state of the law in Massachusetts, the undertaking to pay all taxes and assessments on the premises might, under the prior existing law, have imposed the obligation of paying the mortgagee's taxes. However this may be, we are fully convinced that this provision should not be given the broad construction contended for, under the statutes of this State, and that the judgment should be affirmed.

The other Justices concurred.