Syllabus.

# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## JOHN S. MOON, ET ALS. V. WASHINGTON-BEAUFORT LAND COMPANY

## No. 1.

### May 27, 1926.

1. SALES—*Damages—Consequential Damages—Sale of Seed Potatoes—Case at Bar.*—The instant case was an action by vendors to recover from buyer the purchase money upon a sale of seed potatoes. Defendant filed a special plea stating that the plaintiffs had warranted the quality of the potatoes sold but that the potatoes were unsound, imperfect and worthless. Defendant, with full knowledge that the seed potatoes were rotten and worthless, proceeded to parcel them out for planting, although at the time and place good seed potatoes could have been purchased on a falling market.

   *Held:* That under these circumstances defendant could not recover consequential damages.

2. DAMAGES—*Sales—Consequential Damages—Knowledge of Defects.*—Even in jurisdictions where the buyer's acceptance of title does not bar subsequent action for inferiority of the goods, or recoupment on account of such inferiority in an action for a price, it may be important to determine whether the buyer knew, or ought to have known, of the defective quality of the goods before he used them. If he knew of the defect, or ought to have known of it, he cannot recover consequential damages caused by using the goods.

3. DAMAGES—*Duty to Minimize.*—Where a party is entitled to the benefit of a contract, and can save himself a loss arising from a breach of it at a trifling expense or with reasonable exertions, it is his duty to do it, and he can charge the delinquent with such damages only as with reasonable endeavors and expense he could not prevent.

4. SALES—*Seed Potatoes—Breach of Warranty—Recovery for what Seeds were Actually Worth.*—Where seed potatoes, sold with a warranty of quality, were taken and used by the buyer and there was a breach of the warranty of quality, the buyer must pay, not the purchase price, but what the potatoes were actually worth at the time they were delivered.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk, in a proceeding by motion for a judgment for money. Judgment for defendant. Plaintiffs assign error.

*Reversed and remanded.*

The opinion states the case.

*James E. Heath,* for plaintiffs in error.

*Savage & Lawernce,* for the defendant in error.

Holt, J., delivered the opinion of the court.

This is an action by motion brought for the recovery of money by John S. Moon, R. J. Taylor and Joseph Taylor, Jr., partners, trading under the firm name and style of Moon-Taylor Company, against Washington-Beaufort Land Company, a North Carolina corporation. Plaintiffs below and plaintiffs in error here filed said motion on July 19, 1922. The defendant pleaded non-assumpsit and on October 10, 1922, filed a special plea wherein it was stated, in substance, that plaintiff had warranted the quality of certain potatoes sold to the defendant to be Cobblers, sound, perfect and in good condition for planting; that they turned out not to be Cobblers, but a heterogenous mixture, unsound, imperfect and worthless; and that the defendant had in consequence sustained great loss, viz., the difference between the value of the crop that would have been raised had these seed potatoes been of the kind and quality warranted and that actually harvested, amounting to the sum of $12,000.00, for which judgment over was asked.

It appears that the defendant had contracts with

various farmers in the vicinity of Fentress, Virginia, to plant potatoes on their respective farms during that year, the defendant on its part to furnish and to pay for the seed potatoes and the fertilizer required, the farmers to cultivate the potatoes and to deliver them at maturity to the defendant, and they to receive from it $1.50 for each barrel so delivered. This $1.50 it was agreed should be the compensation to the farmers for their services, while the defendant was to have such profits as it could realize above the sum it was to so pay.

Defendant, in February, 1922, did purchase from the plaintiff 250 bags of seed potatoes. Afterwards, in March following, 121 additional bags of potatoes were bought. The defendant claims that these potatoes were warranted to be first class Maine-grown Cobbler seed potatoes.

With the motion for judgment is filed an account upon which it is based. This account is as follows:

"Washington-Beaufort Land Company

"To:   Moon-Taylor Company.                       Dr.

"1922.

| | |
|---|---|
| "February 28th.  To 200 bags potatoes $5.25 | $1,050.00 |
| "February 28th.  To freight bags potatoes.. | 40.30 |
| "March 8th.  To 25 bags potatoes_____$4.50 | 112.50 |
| "March 8th.  To freight 25 bags potatoes.... | 6.75 |
| "March 9th.  To 125 bags potatoes 75–$4.50 | |
|                        50– 5.25 | 600.00 |
| "March 18th.  To freight 125 bags potatoes | 33.75 |
| "March 22nd.  To 21 bags 11 pk. Cob- | |
|    blers_____$4.50 | 94.50 |
| "April 5th.  To freight 21 bags Cobblers...... | 5.67 |
| | |
| | "$1,943.47 |
| "By note_____ _____ | 1,312.50 |
| | |
| | "$630.97." |

The issues thus raised came in due course to be tried by a jury, and on February 13, 1923, the following verdict was returned:

"We, the jury, find for the defendant in the sum of twenty-eight hundred and fourteen 93/100 dollars ($2,814.93)."

This judgment plaintiffs moved the court to set aside as contrary to the evidence, and as being without evidence to support it. The motion was overruled and judgment entered on the 10th day of November, 1924. To which action of the court exception was duly taken.

A number of errors have been assigned, but it is deemed unnecessary to discuss any except those which deal with the action of the court in refusing to reject the plea and in declining to set aside the jury's verdict. These involve the same propositions and will be considered together. Those addressed to the instructions given and refused present no novel proposition; as the questions there dealt with cannot arise at another trial no further note will be taken of them.

There is sharp conflict of evidence as to the warranty and its character. The jury's verdict, certainly so far as the potatoes purchased in February are concerned, has settled this question in favor of the defendant, and on its face has settled it with respect to the 121 bags purchased in March also. As to the 121 bags there was certainly no express warranty and only such implied warranty as would follow from the fact that the purpose of the purchase was known at the time it was made. It could not have been more than that they were reasonably suited for the purpose intended.

We will, however, for the sake of argument, concede that there was an express warranty to the effect that all of them were first class Maine-grown Irish Cobblers, and in every respect suitable for seed.

When the time for delivery came Mr. Corey, the defendant's general manager, was absent in Minnesota. He left in Virginia as his representative J. T. Wright. Mr. Wright was present when the potatoes were purchased, certainly when the 250 bags were bought, and must have known that those which the plaintiffs sold were not those actually delivered. He was a practical farmer and, as we have seen, to him the general manager entrusted the duty of receiving and distributing them. This is his statement of what was actually delivered:

"Q. Did you look at the potatoes when they were delivered?

"A. Yes, sir.

"Q. What did they look like?

"A. They were mighty bad looking stuff. All of them had sprouts about that long (indicating), and some of them had leaves on the sprouts and half rotten. It was the worst looking stuff to plant I ever saw.

"Q. Were they the same potatoes you looked at; and you said you thought they were in bad shape?

"A. I would hate to have to swear they were the same potatoes I looked at. They looked more like the ones I refused than the ones I bought.

"Q. Did you see any of these potatoes while they were being cut or planted?

"A. Yes, sir.

"Q. Were they all of the same kind of potatoes?

"A. All the same kind—there were rotten ones and copper ones, and red ones. There were a lot of red potatoes."

At the time good seed potatoes could have been purchased near by at Norfolk on a falling market.

Yet with full knowledge of the fact that this seed was rotten and worthless, he proceeded to parcel them out for planting.

[1] In such circumstances the law is plain. A plaintiff cannot recover consequential damages easily avoidable If a fruit grower were to purchase from a nurseryman high grade apple trees and there was delivered to him trees worthless in kind and stock, he could not with full knowledge plant, cultivate and care for them for years and then sue for consequential damages because his orchard failed to produce abundantly Albemarle Pippins.

In Williston on Sales (2nd ed.), section 490, it is said:

[2] "Even in jurisdictions where the buyer's acceptance of title does not bar subsequent action for inferiority of the goods or recoupment on account of such inferiority in an action for a price, it may be important to determine whether the buyer knew, or ought to have known, of the defective quality of the goods before he used them.    If he knew of the defect or ought to have known of it, he cannot recover consequential damages caused by using the goods." See *Day* v. *Mapes-Reeves Construction Co.*, 174 Mass. 412, 54 N. E. 878; *Henderson Co.* v. *Milling Co.*, 126 Ga. 279, 55 S. E. 50; *Carson* v. *Gunting*, 154 N. C. 530, 70 S. E. 923; *Wright* v. *Scale Co.*, 47 Wash. 107, 91 Pac. 571.

In *Warren* v. *Stoddard*, 105 U. S. 224, 26 L. Ed. 1117, the rule is thus stated:

[3] "Where a party is entitled to the benefit of a contract, and can save himself from loss arising from a breach of it at a trifling expense or with reasonable exertions, it is his duty to do it, and he can charge the delinquent with such damages only as with reasonable endeavors and expense he could not prevent." See also 1 Sutherland on Damages 152; *Stonega Coal Co.* v. *Addington*, 112 Va. 807, 73 S. E. 257, 27 L. R. A. (N. S.) 969.

It follows that consequential damages cannot be al-

lowed in this case.    This would be true, though we took as established the fact that there was a warranty and that the seed furnished was not that purchased and that there was a failure of the resulting crops to the extent claimed by the defendant.

Since there can be no recovery over, it is unnecessary for us to consider the effect of section 3847 of the Code.

[4] These seed were taken and used and for them the defendant must pay, not the purchase price, but what they were actually worth at the time they were delivered. *Jacobs* v. *Warthen*, 115 Va. 571, 80 S. E. 113, and that single issue must be submitted to the jury. This case is reversed and remanded for the purpose of determining that matter and that only.

*Reversed and remanded.*