[Civ. No. 4232. Third Appellate District.—January 15, 1931.]

EQUITABLE BUILDING AND LOAN ASSOCIATION (a Corporation), Respondent, v. L. R. WOLFANGLE et. al., Appellants.

J. G. Rossiter for Appellants.

Raymond G. Thompson for Respondent.

MR. JUSTICE THOMPSON (R. L.) Delivered the Opinion of the Court.—This is an appeal from a judgment which was rendered in favor of the plaintiff for one-half of the cost of extending a party-wall pursuant to contract. It was also against the defendants on their cross-complaint for damages on account of performing the work in violation of the terms of the agreement. The judgment was rendered on the theory that a city ordinance specifying the required thickness of brick walls, which ordinance was enacted subsequent to the execution of the contract, became a necessary part thereof.

E. F. Lancaster and the defendants owned adjoining lots in the city of Pasadena. Upon these lots the respective parties each constructed one-story brick buildings. The intervening wall of these buildings was built along the dividing line of the adjoining properties as a party-wall. This wall was built twelve inches thick to conform to the city ordinance which was then in effect. An agreement was executed by the respective parties reserving to each of them and their grantees or heirs the perpetual use and enjoyment of this party-wall and prohibiting either party from defacing, weakening or destroying the wall without first obtaining the written consent of the other party therefor. This contract also contained the following clause:

"It is further agreed that if at any time either of said parties are desirous of extending said wall beyond its present limitations or to in any manner erect, construct or extend said wall for any reasonable height or depth or length, that the same shall be done at the expense of both parties hereto, share and share alike, and that *said extension,* alteration, addition thereto, or repair thereof *shall be uniform in material and dimensions with the original wall.*"

Thereafter Lancaster sold and conveyed his said property to the plaintiff. In March, 1926, the plaintiff, over the written protest of the defendants, built an extension to said party-wall at a total cost of $1940. This addition to the party-wall was of no benefit to the defendants. Demand was made upon the defendants to contribute one-half of

this expense, which they refused to do. This suit was thereupon brought. The complaint alleges the execution of the contract and the construction of the extension to the wall at the reasonable cost of $1940. The answer denies the material allegations of the complaint.

In a cross-complaint the defendants affirmatively allege that the addition to the wall was built without the consent and over the written protest of the defendants and in violation of the terms of the contract; that in making such addition the plaintiff did "extend said wall and add to the height and increase the depth of said wall and did alter and repair said wall . . . ; that without leave or consent . . . plaintiff increased the thickness of said wall by from 4 inches to 8 inches", thereby encroaching upon defendants' premises to that extent, to their damage in the sum of $5,000.

The cause was tried with a jury. A verdict was rendered upon the contract in favor of the plaintiff for the sum of $960. A separate verdict was rendered against the defendants upon their cross-complaint. A judgment was accordingly entered in behalf of the plaintiff for the sum of $960 and to the effect that the defendants take nothing by reason of their cross-complaint. From this judgment an appeal has been perfected.

The evidence is uncontradicted to the effect that the extension to the wall was constructed as "a two-brick wall, in other words, about 16 inches (in width) up to the top of the required height for the Equitable Building and Loan Association Building".

This was in conflict with the unambiguous terms of the contract, which provides that any "extension, alteration, addition thereto or repair thereof *shall be uniform in material and dimensions with the original wall*". The original wall was but twelve inches in width, while the extension was at least sixteen inches thick. This fact is conceded. The respondent justifies this increased breadth of the wall by the fact that subsequent to the execution of the agreement in question, the city of Pasadena adopted an ordinance requiring all brick walls of buildings in that district to be constructed at least sixteen inches in width. It was stipulated this ordinance was so enacted and that it was in force at the time the wall was extended.

█ The sole question presented by means of this appeal is whether the change of the ordinance with respect to the required width of brick walls became a necessary provision of the agreement which was previously executed. The respondent argues that ''Not only did the ordinances in effect at the time this agreement was made in 1905 enter into it and form a part of it as fully as if they were expressly referred to and incorporated in its terms, but all reasonable amendments and modifications of such ordinance also entered into and became a part of such agreement''. In support of the judgment, the respondent relies upon sections 1655 and 1656 of the Civil Code. These provisions are not applicable. Section 1655 provides that:

''Stipulations which are necessary to make a contract reasonable, or conformable to usage, are implied, *in respect to matters concerning which the contract manifests no contrary intention.*''

But in the present case the contract does manifest a contrary intention. It specifically provides the extension ''shall be uniform in material *and dimensions* with the original wall''. To affirm the judgment in this case it would be necessary to hold that substantial changes in statutes or ordinances subsequently adopted which increase the obligations of a contracting party may be imposed in violation of the very terms of the agreement. In effect this would amount to the creation of a new and different contract by mere operation of law. It would result in impairing the obligations of the contract. This is neither law nor justice.

█ In the present case the plaintiff has constructed a two-story brick wall some 65 feet in length as an extension to a former party-wall. The addition was for the purpose of enlarging the store building of the plaintiff for its sole benefit. It appears to be of no benefit to the defendants. It was built in violation of the terms of the contract. If the defendants may be held to contribute to this wall it is solely because of the obligation imposed by the terms of the contract. Since the extension to the wall was built over the written protest of the defendants and in violation of the express terms of the contract, we are of the opinion the defendants are not liable for any part of the cost therefor.

It is true that "all applicable laws *in existence* when an agreement is made, necessarily enter into it and become a part of it as fully as if they were expressly referred to and incorporated in its terms". (6 Cal. Jur. 311, sec. 186.) The same rule applies with respect to city ordinances. (13 C. J. 561, sec. 523; *Wright* v. *Computing Scale Co.*, 47 Wash. 107 [91 Pac. 571].) But statutes and ordinances enacted subsequent to the execution of a contract, which add burdens or impair the obligations of the contract may not be deemed to be a part of the agreement unless its language clearly indicates this to have been the intention of the parties. The rule in this regard is clearly stated in the case of *Fuller* v. *Kane*, 110 Mich. 549 [64 Am. St. Rep. 362, 34 L. R. A. 308, 68 N. W. 267], as follows: "Every contract (which does not expressly provide the contrary) must be considered as made with reference to the existing state of the law, and, if, by the intervention of the legislature, a change is made in the law, which in any degree affects the contract, such contract, made without some clear and distinct reference to the prospect or possibility of a change, does not hold with reference to the state of things as altered by the new law." (6 R. C. L. 856, sec. 243.)

It may not reasonably be said that the increasing of the breadth of a brick wall from twelve to sixteen inches in width is not a material and substantial change in the dimensions thereof.

In the present case, far from an evident intention on the part of the contracting parties to adopt future legislation as a part of the agreement, it is apparent from the express language employed that they intended to limit the liability for any extension, alteration or repair of the existing party-wall to such changes as "shall be uniform in materials and dimensions with the original wall". ▮ The extension of the party-wall was constructed in violation of the contract and the defendants are therefore not liable thereunder. If the defendants were permitted to make use of this extension of the wall for their own benefit, they would be required to pay plaintiffs the reasonable value of such use. Under the circumstances of this case the defendants are, however, not liable upon the contract.

The judgment is reversed.