[Civ. No. 5934. Third Appellate District.—February 17, 1938.]

CALIFORNIA REFINING CO. (a Corporation), Appellant, v. PRODUCERS REFINING CORPORATION (a Corporation), Respondent.

Raymond J. Kirkpatrick for Appellant.

Kiggens & Hoffman for Respondent.

THOMPSON, J.—The plaintiff has appealed from an adverse judgment which was rendered against it in a suit for declaratory relief under section 1060 of the Code of Civil Procedure construing a contract to refine oil.

In April, 1935, the respective parties to this suit signed a written agreement, in which the plaintiff appears as party of the first part, and the defendant as party of the second part. The instrument recites that the first party owns an oil refinery at Seal Beach, California. The preamble then asserts that:

"Whereas, the party of the second part has certain production from wells located in the area known as Los Angeles Basin, and desires to have said oil, or a portion thereof, refined in said refinery;

"Now, Therefore, for, and in consideration of the mutual covenants herein contained, it is hereby agreed by and between the parties hereto as follows, to-wit:"

The contract then proceeds to recite the terms, conditions and price for which the party of the first part agrees to refine oil for the second party when it is delivered. Paragraphs three and four infer that it is optional on the part of the second party for it to deliver any quantity of oil for refinement. Paragraph three begins, "All oil delivered to," etc. The following paragraph reads: "Upon the delivery by the party of the second part to said refinery of any oil," etc. The contract contains not one promise on the part of the second party to deliver to the refinery any oil at all. The first paragraph of the contract specifically prescribes the limit of the quantity of oil which the first party agrees to refine. It reads: "It is hereby agreed by and between the

parties hereto that the party of the first part will, at its Seal Beach refinery, refine a minimum of 400 barrels per day and maximum of 1500 barrels per day." But the second party does not agree to deliver that or any other quantity of oil per day. It will be observed that this contract may not be construed to be an exclusive agreement to refine all of the oil produced by the second party. It is apparent from the preceding quotation that the first party specifically refuses to accept from the second party less than 400 barrels per day, or more than 1500 barrels per day. The contract specifically states that the first party reserves the right to refine oil for other producers.

 We are of the opinion the agreement is void for lack of consideration. It contains no promise on the part of the second party to deliver to the first party any quantity of oil whatever. It amounts to a mere conditional acceptance of the terms specified for refining oil by the first party in the event the second party sees fit to deliver oil for that purpose. It contains no mutuality of agreement between the respective parties with respect to the delivery of oil. It is therefore unenforceable.

The appellant contends that the contract should be construed as a whole, as provided by section 1641 of the Civil Code and section 1858 of the Code of Civil Procedure, and that in so construing it, the preamble above quoted to the effect that the second party "desires to have said oil, or a portion thereof, refined in said refinery", must be inferred to be a promise or agreement to furnish to the first party some quantity of oil to be refined. We think not. It is too indefinite and uncertain. What quantity of oil does that preamble infer must be delivered? The contract specifies that the first party absolutely will not accept for refinement less than 400 barrels a day or more than 1500 barrels per day. Can it be said, in the absence of a specification of any quantity to be delivered, that it may be inferred the second party must deliver at least the minimum amount which the first party will accept? We are not impressed with the logic of that contention. If the parties had intended to require a delivery of even a minimum quantity of oil, it would have been very easy to have expressed that promise in a direct statement to that effect. No such agreement appears in the instrument.

It is true, as stated in section 1641 of the Civil Code, that the whole of a contract should be construed together so as to give effect to every part thereof, if it is reasonably practical to do so. And section 1858 of the Code of Civil Procedure provides that:

"In the construction of a statute or instrument, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, *not to insert what has been omitted*, or to omit what has been inserted; and where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all."

Construing the contract in accordance with the principles expressed in the two sections above referred to, and reading the agreement as a whole, we find an omission of any promise on the part of the second party to deliver to the first party any specified quantity of oil for refining. The second party has said in the preamble that it "has certain production from wells . . . and *desires* to have said oil, or a portion thereof, refined in said refinery". This language utterly fails to specify what quantity it promises to deliver or even the quantity it desires to have refined. Under the specific inhibition of the section last quoted, we may not "insert what has been omitted". Can it be reasonably said the second party agrees to deliver all of the output of its wells not exceeding 1500 barrels per day, provided they produce more than 400 barrels a day? We think that construction of the contract would require the insertion of an omitted promise which would have been easy to have been expressed if the parties had so intended.

The nature of the business of the appellant furnishes no aid in determining the intention of the parties with relation to the delivery of oil. The appellant conducts a general refining industry. It was not dependent on the respondent's supply of oil. The contract merely fixes the terms, conditions and price upon which it agrees to refine such oil as the respondent sees fit to deliver. It specifically reserves the right to refine oil for other producers. The mere fact that the respondent has a certain quantity of oil which it "desires" to have refined, may not be construed into an absolute promise to deliver it or any specific quantity thereof to the appellant for refinement. ▮ It is uniformly held that a

contract which reserves in either party an option to deliver or to accept personal property, or which contracts for future delivery of personal property, the quantity of which delivery is dependent upon the will, wish, want or desire of the other party, is void for lack of consideration and mutuality. (*Gordon* v. *Emerson Shoe Co.*, (Tex. Civ. App.) 242 S. W. 791.)

In the case of *Foley* v. *Euless*, 214 Cal. 506 [6 Pac. (2d) 956], a contract for processing, boxing and marketing of Thompson seedless grapes, very similar to the present agreement chiefly because of the omission of a direct promise to deliver the property, was held to be void for lack of consideration because it was not mutually binding on the respective parties. In that case, as in the present one, the appellant contended that the agreement to deliver the crop of grapes was implied from a consideration of the entire instrument. In that case it is stated: ''They [the respondents] *desired to secure packing and marketing facilities for their crops.*'' It is said the contract in that case provided that it was ''to remain in force and effect until all the raisins delivered had been processed, sold and delivered to buyers''. From that and other similar statements of the contract, the appellant asserted ''there was an implied covenant on the part of the respondents to cause all of the growers' raisins to be delivered''. With that construction the court disagreed. The court said:

''We are now satisfied that the term for which the appellant contends cannot fairly be implied from the contract as a whole or from any particular provision thereof. It would be to ask the court to go a long way in contract making. The appellate court properly held that the contract left to the judgment or election of respondents the quantity of raisins to be delivered to appellant's packing plant. . . .

'' 'Courts have been careful not to rewrite contracts for parties by inserting an implied provision, unless, from the language employed, such implied provision is necessary to carry out the intention of the parties.' ''

The court quoted with approval from the case of *Loyalton etc. Co.* v. *California etc. Co.*, 22 Cal. App. 75 [133 Pac. 323], as follows:

'' 'Where parties have entered into written engagements which industriously express the obligations which each is to

assume, the courts should be reluctant to enlarge them by implication as to important matters. The presumption is that having expressed some they have expressed all of the conditions by which they intended to be bound.' ''

The court then said:

''With these rules of law in mind we cannot conclude that there was an implied obligation on the part of respondents to cause the pool members to deliver all of their raisins to appellant. The omission of such a covenant might have been intentional on the part of the respondents. . . . The executed contract was clear in its terms and left to the judgment of respondents the quantity of raisins to be delivered. Had appellant decided a covenant requiring a given number of tons of raisins or all of the growers' raisins to be delivered to him, he should have had such a provision inserted in the contract. We cannot rewrite the agreement for him.''

The preceding language of the Foley case applies to the terms of the contract in the present case. The conclusion reached in construing that contract appears to be determinative of the controversy in this case.

On the authority of *Foley* v. *Euless, supra,* and on principle, we are of the opinion the contract in this case is void for lack of mutuality.

The judgment is affirmed.

Plummer, J., and Pullen, P. J., concurred.