**H. Eva THOMPSON, Plaintiff,**

v.

**Don W. FISH and Rita Fish, husband and wife, et al., Defendants.**

**No. 20255.**

United States District Court
S. D. California,
Central Division.

Feb. 14, 1957.

Clark & Langworthy, Van Nuys, Cal., for plaintiff.

Loeb & Loeb, Los Angeles, Cal., for defendant Don W. Fish.

W. Alan Thody, Los Angeles, Cal., for defendant Hardel Publisher's Service Inc.

YANKWICH, Chief Judge.

The Motion of the defendants Don W. Fish and Rita Fish to dismiss the complaint as to them and each of them, heretofore heard and submitted, is now decided as follows:

For the reasons stated in the Comment to follow, the said Motion of the defendants Don W. Fish and Rita Fish to dismiss the complaint as to them and each of them is hereby granted.

However, the plaintiff is granted twenty days from the date hereof in which to file, if so advised, an amended complaint limited solely to the recovery of the bonus of $9,000 paid or the unearned part of it.

### Comment

The contract between the plaintiff and the defendants Fish contained the following clause:

"It is also distinctly understood that, if for any reason, this agreement is terminated prior to its expiration date then in that event the said second party hereby Warrant, Undertake, Promise and Agree not to become affiliated with or employed, either directly or indirectly, by any person or persons, company or companies engaged in a similar business as that of the first party or the Union Circulation Co., Inc., for the balance of the term of this contract."

This clause is clearly violative of the Cartwright Act (California Business and Professions Code, § 16600), and is not within any of the exceptions of

the Act. California Business and Professions Code, §§ 16601, 16602. However, it is a separable provision. General Paint Corp. v. Seymour, 1932, 124 Cal. App. 611, 12 P.2d 990; Edwards v. Mullin, 1934, 220 Cal. 379, 30 P.2d 997; Cal. Civil Code, § 1599. For it relates solely to a condition which does not affect the terms of the contract of employment, but only the consequences of its termination. In brief, the Fishes promise not to engage in a similar business anywhere in the United States, if the contract is terminated *for any reason* prior to its expiration date.

If the clause is rejected as illegal, the remainder of the contract still stands if it is certain and enforceable. I am of the view that the contract, as written, lacks mutuality. Foley v. Euless, 1931, 214 Cal. 506, 512–513, 6 P.2d 956; California Refining Co. v. Producers Refining Corp., 1938, 25 Cal.App.2d 104, 76 P.2d 553; Lawrence Block Co. v. Palston, 1954, 123 Cal.App.2d 300, 308, 266 P.2d 856. This is especially true as to the compensation to be received by the Fishes. The following two clauses relate to it:

"It is agreed that Party of the Second Part shall receive an override of five (5%) percent on business produced by B. E. Thompson, Ted Pelletier, R. E. Beasley, Harold and Gerald Gutknecht, R. Richardson, J. Wilburn, Elmer Mans, K. Kostje, J. T. Hatfield, Mike and Dianne Speigner, M. J. Robertson, L. Hornes, Helen Krivance and R. Raybourn from Union Circulation Co.

"It is further understood and agreed that the said second party shall receive from the said Union Circulation Co. directly any and all rebates and/or commission that the said company usually ·pays to persons obtaining subscriptions to magazines cleared through said Company together with all other benefits that persons affiliated in similar capacity receive from said Company."

The first clause fixes an overriding commission on business produced by certain individuals. But it is not stated *from whom* they are to receive it. Nor is the plaintiff *obligated* to see that they receive it.

The second quoted clause is even hazier. It says that the Fishes are to receive from the Union Circulation Company directly the rebates and commissions that the company "usually pays" and benefits that persons affiliated "in a similar capacity receive from said company".

■ Granted that what a particular concern *usually* pays is subject to proof, there *is no undertaking* on the part of the plaintiff that she will pay it or see to it that Union or anyone else pays it. She is not the agent of Union Circulation Company. The first clause of the contract recites that she is

"an independent individual contractor affiliated with the Union Circulation Co., Inc., with offices at 5 Columbus Circle, New York City, N. Y."

The contract is not signed by Union or by the plaintiff or by anyone else in its behalf. So, while the Fishes are obligated to a contract which is *binding* on them for ten years, no one actually *undertakes to pay* them any of the compensation, either on a percentage basis or on the basis of what is *usual*. Such a contract is unilateral and unenforceable under California law. [See cases cited above.]

■■ However, it is alleged in the Complaint that a bonus of $9,000 was paid to the Fishes. The contract, though unenforceable, is not illegal under Section 1608 of the California Civil Code. The law does not favor unjust enrichment. The plaintiff may have the right to recover the bonus or such portion of it as was not earned. It would not be fair to the defendants Fish to have them answer the complaint in the present form. Therefore, the Motion to Dismiss will be granted with leave to the plaintiff, if so advised, to amend the complaint so as to state a claim limited.

strictly to the bonus or the unearned part of it. In this manner, the issue can be clearly drawn as to these defendants. I do not determine at the present time, the effect of this ruling on the other defendants, as that matter is not before me.

Hence the ruling above made.