In the Matter of the Estate of MICHAEL SANITA, Deceased.

JAMES J. FRAWLEY, Public Administrator, as Administrator, Appellant; MARIA LA GUARDIA, Respondent.

*Decedent's estate — discovery — gift — discovery proceedings brought by administrator — sufficiency of evidence to show gift causa mortis.*

*Matter of Sanita*, 219 App. Div. 178, affirmed.

(Submitted March 3, 1927; decided March 29, 1927.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 3, 1926, which reversed an order of the New York County Surrogate's Court, made in a discovery proceeding, directing the respondent herein to turn over certain bank books in her possession to the administrator of Michael Sanita, deceased, adjudged that the same were her property and directed a dismissal of the proceeding. The Appellate Division held that the evidence was sufficient to show a gift *causa mortis.*

*N. Joseph Slicklen* for appellant.

*John F. Collins* and *John A. Leddy* for respondent.

Order affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS LEHMAN, KELLOGG and O'BRIEN, JJ.

---

EDMOND VAN DYK, Appellant, *v.* VAN DYK & REEVES, INC., et al., Respondents, Impleaded with Another.

*Corporations — trade names — jurisdiction — sale of assets of corporation by order of Federal court — action to restrain new corporation to which assets have been transferred by purchaser from using old corporate name — complaint dismissed.*

*Van Dyk* v. *Van Dyk & Reeves, Inc.*, 217 App. Div. 781, affirmed.

(Argued February 23, 1927; decided March 29, 1927.)

APPEAL from a judgment, entered July 1, 1926, upon an order of the Appellate Division of the Supreme Court in the second judicial department, which reversed an order of Special Term denying a motion for a dismissal

of the complaint and granted said motion. The action was brought by a stockholder of a New York corporation whose assets, corporate name and franchises had been sold in receivership proceedings under an order of a United States District Court, to restrain the use of the corporate name by a new corporation to which the assets had been assigned by the purchaser from the receiver. Defendants moved for dismissal of the complaint under rule 106 of the Rules of Civil Practice on the grounds that the complaint did not state facts sufficient to constitute a cause of action and that the court did not have jurisdiction of the subject of the action; and also under rule 107 on the grounds that the order of the Federal court, confirming the sale, constituted an existing final judgment or decree of a court of competent jurisdiction rendered on the merits determining the same cause or causes of action between the parties. The Appellate Division held that the Federal court had jurisdiction of the old corporation and its property and of plaintiff, and had power to restrain the old corporation and plaintiff from making any use of the corporate name that would interfere with the good will bought by the new corporation; that under the circumstances shown, no injury could come to the plaintiff through the use of the name by the new corporation and, consequently, plaintiff was not entitled to equitable relief; and that the question whether, so long as the old corporation remained undissolved, the new corporation could lawfully be permitted to incorporate under the same corporate name, was a matter with which the State, and not this plaintiff, was concerned.

*Elliott Smith, William G. Cooke* and *Howard O. Wood* for appellant.

*Eugene W. Leake* and *Edward A. Craighill, Jr.,* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.