**THOMAS DAY CO. et al. v. KING et al.**

**No. 6077.**

Circuit Court of Appeals, Ninth Circuit.

July 7, 1930.

Thomas, Beedy, Presley & Paramore, of San Francisco, Cal., for appellant Thomas Day Co.

Sterling Carr, of San Francisco, Cal., for appellant Symmes.

Knight, Boland & Christin, of San Francisco, Cal., for appellee King.

Theodore J. Savage, of San Francisco, Cal., for appellee Roberts Mfg. Co.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from an order confirming a receiver's sale of the business and good will of the appellant corporation, Thomas Day Company. The appellant complained of that portion of the order which permits the Roberts Manufacturing Company, the purchaser of the business and good will, "to hold itself out as the successor of Thomas Day Company and as having acquired the good will thereof." The action in which the receiver was appointed and in which he made the sale was instituted by creditors of the Thomas Day Company by reason of the financial difficulties in which it was involved, and no objection thereto was interposed by the Thomas Day Company. The jurisdiction of the receiver to sell the good will of the Thomas Day Company is conceded. One of the usual methods by which a purchaser protects himself in the enjoyment of the good will is by exacting an agreement from the seller to refrain from engaging in a similar business in the locality. Here, however, the sale was involuntary, the corporation retained its corporate name, and it is difficult to see how the purchaser could be protected in the purchase of the good will in any better or more effective method than by permitting the purchaser to state that he was the successor of the Thomas Day Company. If there is any other or better way so to do, it is not suggested by the parties in this action. The appellant Thomas Day Company stands upon the proposition that the court had no right or power to authorize the purchaser to use in its business and advertisements the phrase "successor to Thomas Day Company." This contention is predicated upon the statute of California found in sections 992, 993, of the Civil Code of California, which provide:

Section 992: "The good will of a business is the expectation of continued public patronage, but it does not include a right to

use the name of any person from whom it was acquired."

Section 993: "The good will of a business is property, transferable like any other, and the person transferring it may transfer with it the right of using the name under which the business is conducted."

These sections are merely declaratory of the general rules with regard to sale of good will. Section 992 merely provides that, where a person engages in business and sells the good will, the mere sale of the good will does not include the sale of the right to do business under the name of such person, and "person" no doubt includes "corporation." Civ. Code of Cal. § 14. The appellant concedes that, if the order of sale had authorized the purchaser to hold himself out as the successor of the business and good will of Thomas Day Company such a sale and order in all probability would have been valid, but it is claimed that the designation "successor of Thomas Day Company" is unauthorized for the reason that it is not correct and does not state the truth so long as the Thomas Day Company, a corporate entity, is entitled to do business under its corporate name. The appellee does not contend that the Thomas Day Company is dissolved or deprived of the right to do business by the order of the court. It is evident, however, that its right to do business is necessarily modified by the fact that its good will has been sold. In Snyder Mfg. Co. v. Snyder, 54 Ohio St. 86, 43 N. E. 325, 31 L. R. A. 657, it was held that a purchaser of the good will from the receiver of a corporation is entitled to continue the business as successor of the firm and make use of the firm name for that purpose. In Moore v. Rawson, 199 Mass. 493, 85 N. E. 586, 590, it was stated that a convenient way of using the firm name by a purchaser of the good will, if rights of third persons are involved, is by advertising as the successor to the former firm. In Slater v. Slater, 175 N. Y. 143, 67 N. E. 224, 61 L. R. A. 796, 96 Am. St. Rep. 605, it is held that the firm name was an inseparable part of the good will. In Smith v. Brand & Co., 67 N. J. Eq. 529, 58 A. 1029, David H. Brand & Co., a corporation, purchased the good will and assets of Brand and Smith and advertised itself as successors of Brand and Smith. The partners sought to enjoin the use of this phrase, and the injunction was denied. In the case of Van Dyk v. Van Dyk & Reeves, 245 N. Y. 516, 157 N. E. 840, a stockholder of the corporation whose assets, corporate name, and franchise had been sold

in receivership proceedings under an order of the United States District Court to restrain the use of a corporate name by a new corporation, injunction was denied.

Order affirmed.