[Civ. Nos. 9283, 9405. Second Appellate District, Division One.—July 12, 1935.]

WARD-CHANDLER BUILDING COMPANY (a Corporation), Respondent, v. MILDRED J. CALDWELL et al., Defendants; RAE GOODWIN, Appellant.

Max Schleimer for Appellant.

Chandler, Wright & Ward and Gail J. Burch for Respondent.

EDMONDS, J., *pro tem.*—Appeals are presented from two orders of the superior court, one authorizing and the other confirming the sale of a trademark by a receiver.

Florence Hudgen and Owen Hudgen at one time conducted a beauty parlor and permanent hair waving salon under the name of "Hudgens Permanent Wave Shop". It is not disputed that this name was recorded in the office of the secretary of state as a trademark. (Pol. Code, secs. 3196, 3197.) Thereafter the Hudgens sold the business, including the trademark, to the defendant Mildred J. Caldwell, who later sold both to the defendant Rae Goodwin. Subsequently plaintiff secured judgment against both defendants for rent, and in aid of execution of the judgment, procured an order from the superior court appointing a receiver with power "to take an assignment from defendants and each of them of their interest in the said good will and trademark of the Hudgens Permanent Wave Shop, and to sell the same according to law and apply the proceeds of the same in satisfaction of the said judgment". By the same order the defendants were required "to make and execute an assignment in writing to said receiver of all right, title and interest which either or both of them have in and to the good will and trademark of the Hudgens Permanent Wave Shop within a period of three days thereafter".

The defendants complied with the order by delivering the required assignment to the receiver, accompanying it, however, with a notice that the defendant Goodwin had appealed from the order, and that the assignment was delivered "in accordance with the provisions of section 943, of the Code of Civil Procedure", and was to be retained by him until the disposition of the appeal. The receiver notwithstanding the appeal, immediately gave notice of sale of the "good will and trade name of the Hudgens Permanent Wave Shop" at pub-

lic auction. He later petitioned the court for an order approving and confirming his sale of the trademark as "the sole asset of said receivership estate" to the plaintiff corporation for the sum of $100, which petition was granted over the objection of the defendant Goodwin, who has appealed from the order confirming the sale.

The principal points urged by the appellant are that the trademark "Hudgens Permanent Wave Shop" is not one within the meaning of section 3196 of the Political Code, and that a trademark cannot be sold or assigned except in connection with the sale of the business in which it has been used. Appellant also contends that when she filed her notice of appeal from the order directing an assignment of the trademark, and when she delivered the assignment thereof to the receiver, further proceedings were stayed, and the receiver was without authority to make the sale and the court without jurisdiction to confirm it under the provisions of section 943 of the Code of Civil Procedure.

█ The right to a trademark or a trade name may be acquired without complying with the provisions of the Political Code. The recording provided for by this statute is only the means by which evidence that the trademark has been appropriated may be preserved. Under the facts in this case, it is unnecessary to decide whether or not the name is one which is of the kind provided for in the statute. █ It is admitted that it has been used by the Hudgens and their successors for a number of years to designate the business which was being conducted by them. Under such circumstances a property right attaches to the name which the law recognizes and protects. (*Reid* v. *St. John*, 68 Cal. App. 348 [229 Pac. 863].) █ Originally the trademark which is the subject of this litigation was, presumably, a personal one, in that it indicated to the public that the personal care and skill of the Hudgens were exercised in producing the goods or rendering the services sold. By the sale of the business and the trademark the latter had become impersonal, indicating merely that the business was the same one which had for some time been carried on under that name. The general rule is that a personal trademark or trade name is not assignable. "An exception to the general rule has, however, been made where the mark or name has been so employed as to be deprived of its personal nature and has come to indicate that the goods bearing it are of a certain standard, kind or quality

or are made in a certain manner or after a certain formula.'' (26 R. C. L. 865.) The same exception should apply where services of a certain standard, kind or quality are rendered, and the name under which such a business is conducted is properly transferable under section 993 of the Civil Code.

Under the facts shown in this case the defendants were, successively, the owners of the trademark or trade name, which was used in connection with the business which they had operated. Appellant urges as a ground for reversal that a trademark or name cannot be sold or assigned except in connection with an assignment of the particular business in which it has been used. With this statement we agree. ''The right to a trademark or trade name cannot exist as a mere abstract right, independent of or disconnected from the business in which it is used.'' (26 R. C. L. 838.) ''A trade name exists as an incident of the business in which it was lawfully acquired, and with which it remains identified. As a mere abstract right, having no reference to any particular property, commodity, or business, it cannot exist. Separated from the business to which it belongs and with which it is identified, it is not a species of property, and cannot be sold or transferred as such. (*American Steel Foundries* v. *Robertson*, 269 U. S. 372 [46 Sup. Ct. 160, 70 L. Ed. 317].) The physical elements or assets of a business may not be sold to one and the good will and trade name thereof to another, for, when the trade name is separated from the business to which it applies, it is thereby destroyed, and cannot thereafter be the proper subject of a sale. As it is sometimes expressed, 'the shadow cannot be separated from the substance'.'' (*Children's Bootery* v. *Sutker*, 91 Fla. 60 [107 So. 345, 44 A. L. R. 702, and note]. See, also, note to *Falk* v. *American West Indies Trading Co.*, 180 N. Y. 445 [73 N. E. 239, 105 Am. St. Rep. 778, 2 Ann. Cas. 216, 1 L. R. A. (N. S.) 704, 708].)

 For these reasons the defendants owned nothing which they could be required to separately transfer to the receiver, and their assignment to the receiver passed no title. (*In re Jaysee Corset Co.*, 201 Fed. 779; 63 Cor. Jur. 513.) ''It may be stated as a general rule that a trademark or trade name is not an article of property that passes from hand to hand by assignment separate from the business of the owner of the mark or name, but that, in order to convey the right of user,

the transfer must be coupled with the transfer of some product or business with which it has become identified. The reason for this is that if the bare right of user could be transferred the name or mark would no longer serve to point out and protect the business with which it has become identified, or to secure the public against deception, but would tend to give to a different business the benefit of the reputation established by the business to which the name had previously been applied." (26 R. C. L. 864.)

Also the court had no jurisdiction to order a sale of the trademark under the facts shown. "A trademark cannot be seized and sold upon execution or attachment, apart from the business in which it has been used." (63 C. J. 520; 26 R. C. L. 866.) We, therefore, have a situation where the appellant is complaining of a sale by the receiver of something which did not exist, to the plaintiff which acquired nothing thereby. Appellant has not been aggrieved by the orders, but, on the contrary, has received a credit on the judgment standing against her. There has been no miscarriage of justice by the orders erroneously made. (Code Civ. Proc., sec. 938.)

The appeals are dismissed.

Conrey, P. J., and Houser, J., concurred.