Louis Colognesi *vs.* Giuseppe Ruzzoli.

Worcester. February 2, 1943. — February 24, 1943.

Present: Field, C.J., Lummus, Dolan, Cox, & Ronan, JJ.

*Name.   Unlawful Interference.*

The defendant in a suit in equity, who, after letting to the plaintiff a shop on the defendant's premises with the tools and machinery of a business which he had conducted there and the right to use a trade name under which it had been conducted, had sold the tools and machinery to the plaintiff, had not again engaged in a business of the same character and had abandoned the right to use such name, properly was enjoined, after the plaintiff had moved the business to another location, from conduct tending to confuse and mislead the public to the injury of the plaintiff by maintaining on his own premises a sign purporting to show that the business was there being conducted under that name, although, not being in such business, he could not profit from a diversion of business from the plaintiff; and the plaintiff was properly adjudged "entitled to the exclusive use of" the name.

Bill in equity, filed in the Superior Court on November 19, 1941.

By order of *Giles,* J., there were entered an interlocutory decree overruling exceptions of the defendant to a master's report and confirming the report, and a final decree permanently enjoining the defendant "from advertising in

any form whatsoever in such a way that the public will be or is likely to be deceived into believing that his business is that of the plaintiff or in any way which is likely to deceive the public into believing that they are dealing with the plaintiff when in fact they are dealing with the defendant"; and adjudging that, as between the plaintiff and the defendant, the plaintiff "is entitled to the exclusive use of the words 'Southbridge Sheet Metal Works' in the Town of Southbridge, Massachusetts." The defendant appealed only from the final decree.

*F. P. McKeon*, for the defendant.

*A. A. Gaucher*, for the plaintiff.

LUMMUS, J. The following facts were found by a master, whose report was confirmed. As early as 1920 the defendant began the business of sheet metal worker and tinsmith in a shop in the rear of his house on Elm Street in Southbridge, doing business under the name of Southbridge Sheet Metal Works. In January, 1934, the defendant sold his stock and materials to the plaintiff, and gave him a lease of the shop with the tools and machinery for one year from February 1, 1934, with an option of renewal for two years more. The lease provided that the plaintiff should have the right to use the name Southbridge Sheet Metal Works during the lifetime of the lease. *Cardinal* v. *Taylor*, 302 Mass. 220, 222. The plaintiff began business under that name on February 1, 1934. He accepted the option for renewal of the lease, which thus continued in force until February 1, 1937. After that he remained as tenant at will until November 8, 1941, using the same name. During the whole time the defendant occupied the house in front of the shop. The plaintiff used the tools and machinery of the defendant, and bought them on September 17, 1940. In October, 1941, the plaintiff notified the defendant that he intended to move away, and on November 8, 1941, he did move away after the defendant had executed a lease to a "straw man" who notified the plaintiff to move. The plaintiff moved to a new shop on Worcester Street in Southbridge.

The defendant has done no sheet metal or tinsmithing

business since the plaintiff began business on February 1, 1934, and is doing none now. The defendant never objected to the use by the plaintiff of the name Southbridge Sheet Metal Works. But about the time when the plaintiff removed his business and his sign from Elm Street, the defendant put up a similar sign with large letters reading Southbridge Sheet Metal Works and an index finger pointing to the shop in the rear of the defendant's house on Elm Street.

The master found further as follows: "Based upon the facts reported herein I find that sometime during the period from February 1, 1937, to November 8, 1941, and at least before September 17, 1940, when he sold out all his tools and machinery, Mr. Ruzzoli decided not to go back into this business and that sometime during that period, and prior to September 17, 1940, he abandoned his right to the trade name of 'Southbridge Sheet Metal Works,' which trade name I find is now the property right of said Mr. Colognesi."

The master found still further as follows: "I find that the placing of the sign with the words 'Southbridge Sheet Metal Works' and with the index finger pointing to the shop previously occupied by Mr. Colognesi and placed at or near the identical place where said sign had stood for years, will tend to confuse and mislead the public, and if permitted to continue would tend to injure the business of Mr. Colognesi." This finding is not inconsistent with the fact that the defendant, not being in the business, could not profit from a diversion of business from the plaintiff.

The defendant's exceptions to the master's report cannot be sustained. The master added to his report what purported to be a summary of the material facts as to each objection. An examination of the defendant's exceptions shows that none of them can be sustained.

A trade name can have no existence in gross, unconnected with some business in which it is used. *Jackman* v. *Calvert-Distillers Corp. of Massachusetts*, 306 Mass. 423, 426. When the defendant had gone out of the business in question, and had abandoned the name, he ceased to have any further

right in it. It was then open to the plaintiff to adopt it as his own. *Cohen* v. *Nagle*, 190 Mass. 4, 11. The right to it could not thereafter be resumed by the defendant.

The final decree, determining that the plaintiff is entitled to the exclusive use of the words Southbridge Sheet Metal Works, is correct.

*Interlocutory decrees affirmed.*
*Final decree affirmed with costs.*