[Civ. No. 42027. First Dist., Div. Two. Dec. 22, 1978.]

LENA V. BALESTERI, Plaintiff and Appellant, v.
JOHN F. HOLLER et al., Defendants and Appellants.

## COUNSEL

Leslie E. Dixon for Plaintiff and Appellant.

Myron B. Haas for Defendants and Appellants.

## OPINION

**TAYLOR, P. J.**—In this action for declaratory and injunctive relief,[1] the only question presented is whether the trial court here properly concluded, as a matter of law, that the April 22, 1970, sale of the business by Balesteri to John F. and Geraldine Holler[2] (Holler) included the name of the business for a 10-year period. For the reasons set forth below, we have concluded that the judgment must be reversed.

The facts are not in dispute.[3] By a three-page bill of sale dated April 22, 1970, Balesteri[4] and her now deceased husband, Sam, sold to Holler a fishing business known as "Sam's Fishing Fleet," along with the vessel, inventory and other specifically described items of personal property. The first page of the bill of sale, which transferred the 75 percent interest of Lena and Sam, included in the specifically described items of personal property the following: "D. The use of the name SAM'S FISHING FLEET for a period of ten (10) years *or* until said amount due and owing is paid; [¶] E. Good Will." (Italics added.)

The second page of the bill of sale, which transferred Salvador's 25 percent interest and his tackle shop, included in the specifically described property paragraph E conveying the good will, but made no reference to the name of the business. All three Balesteris separately and jointly also

---

[1]The complaint sought declaratory relief, damages and "such other and further relief as the Court may seem [*sic*] proper." Balesteri's pretrial statement and statements at the beginning of trial indicated that injunctive relief was also sought.

[2]Lena Balesteri appeals from the judgment entered May 12, 1977, and the amended judgment entered June 9, 1977, ordering that Holler was entitled to the use of the name "Sam's Fishing Fleet" for a period of 10 years beginning April 22, 1970. Holler and their transferees, Arcoleo and Mountford, cross-appeal from the portion of the judgment limiting their use of the business name to a 10-year period.

[3]As the record on appeal refers to, but does not contain, the facts as stipulated by the parties as found by the court, we have set forth our own summary of pertinent facts.

[4]The bill of sale was executed by appellant, Lena V. Balesteri and her since deceased husband Sam, and their son Salvador.

expressly covenanted not to compete in the same type of fishing business within a one-hundred-mile radius of Monterey for five years. The consideration recited was $187,000, payable partly in cash and partly by a promissory note, 75 percent to Lena and her husband, and 25 percent to Salvador, beginning July 1, 1970. The promissory note also provided that during the year 1970, Holler was to pay no more on the principal than an amount equal to 29 percent of the $187,000. In 1975, Holler transferred all of their interest in the business to Arcoleo and Mountford, and then paid the balance of the purchase price. Thereafter, Arcoleo and Mountford refused to cease using the name "Sam's Fishing Fleet."[5]

The court concluded that since the agreement was ambiguous as to the intent of the parties concerning the transfer of the business name, Holler, Arcoleo and Mountford were entitled to the use of the name for a 10-year period, beginning April 22, 1970.

Preliminarily, we note that Holler, Arcoleo and Mountford's brief fails to conform to the form specified by California Rules of Court, rule 15(a), set forth below.[6] The brief also fails to discuss the legal issues with the citation of appropriate authorities, in accordance with the standards for appellate briefs, as set forth in *In re Smith,* 3 Cal.3d 192, 197 [90 Cal.Rptr. 1, 474 P.2d 969]. Rather, the brief incorporates by reference the arguments and authorities set forth in their trial brief. We could, therefore, deem that the contentions stated have been abandoned (*Golden v. Golden,* 270 Cal.App.2d 401 [75 Cal.Rptr. 735]; *U.S. Industries, Inc.* v. *Vadnais,* 270 Cal.App.2d 520 [76 Cal.Rptr. 44]). However, in view of the absence of a specific rule or authority on the propriety of incorporation by reference of trial briefs, in briefs filed with this court, as well as in the interests of justice 'in a case involving simple facts and a single issue of law, like the instant one, we have decided to forego our options to strike or order correcting the brief. We proceed, therefore, under the third alternative available to us pursuant to California Rules of Court, rule 18, set forth below.[7]

---

[5]On stipulation of the parties to these two facts, the matter was submitted to the court as a question of law on the pleadings and trial briefs of the parties.

[6]"Each point in a brief shall appear separately under an appropriate heading, with subheadings if desired. Such headings need not be technical 'assignments of errors' but should be concise headings which are generally descriptive of the subject matter covered. The statement of any matter in the record shall be supported by appropriate reference to the record. Every brief shall be prefaced by a topical index of its contents and a table of authorities, separately listing cases, statutes, court rules, constitutional provisions, and other authorities."

[7]"*When a brief fails to comply with the requirements of these rules the reviewing court,* on application of any party or *on its own motion,* and with or *without notice* as it may

California Rules of Court, rule 28(d)(3) pertaining to petitions for hearings before the state Supreme Court provides, so far as pertinent: *"No authorities* or argument *may be incorporated by reference from another document into* the petition. . ."* (italics added). We think a similar rule should be applied to the briefs filed in this court, subject to the exception of the first sentence of California Rules of Court, rule 14(a), set forth below, so far as pertinent.[8] ■ We hold the portion of California Rules of Court, rule 14(a) permitting adoption by reference of "any brief in the same or companion cases" refers only to an appellate brief and not a trial brief or trial memorandum of points and authorities.

Holler, Arcoleo and Mountford's theory, which the trial court apparently followed, was that the trade name of the business was sold with the good will of the business, for a period of 10 years, and that the ambiguity between the two parts of the bill of sale could not be resolved in such a manner as to penalize Holler for paying the amount due before the end of the 10-year period.

As the parties chose to submit the interpretation of the documents to the trial court as a matter of law, we turn to the express language of the bill of sale and its accompanying promissory note and other security documents. ■ We note that all applicable laws in existence when an agreement is made form a part of the agreement (*Swenson* v. *File,* 3 Cal.3d 389, 393 [90 Cal.Rptr. 580, 475 P.2d 852]). At the time of the 1970 agreement here in issue and now, the common law property right in a trade name was vindicated by our trade-name statute, Business and Professions Code sections 14400-14416, and the related provisions of Business and Professions Code sections 14100-14103, entitled "Good Will." ■ A "trade name" relates to the business and its good will, as contrasted with a "trademark" which attaches to a vendible commodity or service as a guaranty of quality (*Rainier Brewing Co.* v. *McColgan,* 94 Cal.App.2d 118, 123 [210 P.2d 233]).

---

determine, *may:* (1) order the brief to be returned to counsel for correction by interlineation, cancellation, revision or replacement in whole or in part, and to be redeposited with the clerk within a time specified in the order; (2) order the brief stricken from the files, with leave to file a new brief within a specified time; or (3) disregard defects and consider the brief as if it were properly prepared." (Italics added.)

[8]"(a) Every respondent shall file a respondent's brief, except that *a respondent may join in a brief or may adopt by reference any brief in the same or companion cases.* Any appellant may file an appellant's reply brief. No additional or supplementary briefs may be filed except by permission of the Chief Justice or Presiding Justice."

Business and Professions Code section 14400 provides that: "Any person who has first adopted and used a trade name, whether within or beyond the limits of this State, is its original owner." Business and Professions Code section 14401 provides: "Any trade name may be transferred in the same manner as personal property in connection with the good will of the business in which it is used or the part thereof to which it is appurtenant, and the owner is entitled to the same protection by suits at law or in equity."

■ Here, pursuant to the above statutes, the first page of the bill of sale transferred the name of the business along with the good will. The omission of a paragraph transferring the name of the business on the page of the bill of sale transferring Salvador's interest is consistent with Business and Professions Code section 14101, which provides: "The good will of a business does not include a right to use the name of any person from whom the business was acquired." Thus, the reasonable inference to be drawn from the omission of a paragraph transferring the trade name in Salvador's interest is that he had no interest in the trade name.

Pursuant to the predecessor of Business and Professions Code section 14101, *Mahlstedt* v. *Fugit,* 79 Cal.App.2d 562, 567-568 [180 P.2d 777], held that where a contract for the sale of a business with the covenant not to compete did not expressly transfer the right to use the seller's name, the seller could, without violating the contract of sale, permit a third person in a similar business to use his trade name. The trial court's construction of the instant agreement is directly contrary to Business and Professions Code section 14101 and *Mahlstedt, supra.*[9]

---

[9]We, therefore, need not discuss in detail the two cases from other jurisdictions on which Holler relies which indicate that no limited transfer of a trade name is permitted.

In *Colognesi* v. *Ruzzoli* (1943) 313 Mass. 315 [47 N.E.2d 274], the plaintiff sold his stock and materials and leased his shop to the defendant, granting along with this transaction the right to use his trade name only during the term of the lease. When the lease expired, he sued for an injunction to prevent the defendant from using the trade name, even though he was not using it himself and had not carried on any similar business since he had sold all of his materials to the defendant. The Massachusetts court held that in such a situation, where the plaintiff had sold the entire business, he had abandoned the trade name and, therefore, could not obtain a prohibitive injunction against its use, even by one whose use had been nominally permissive, for once abandoned a trade name may be used by the next first person to appropriate it.

In *Segal* v. *Storch* (1947) 141 N.J.Eq. 78 [56 A.2d 134], the contract of sale stated that the buyer had bought "the good will of the name," but that the name could not be used except at the existing address without the written consent of the seller. However, the seller had sold the business without retaining the capacity or intention of resuming it. The court held that the seller's deliberate abandonment of the trade name invalidated the attempted restriction.

We see no ambiguity in the agreement which to us clearly indicates the premature payment of the balance due was contemplated by the parties. Paragraph D, which transferred the trade name, is phrased in the alternative, "for a period of 10 (10) years *or* until the amount due and owing is paid." (Italics added.) Thus, the trade name was specifically transferred for a limited period of time only *or* alternatively until the purchase price was paid, whichever first occurs. The trial court's interpretation modified the *or* to "*and.*"

The language of all three pages of the bill of sale is consistent with Balesteri's intent not to abandon the trade name. As indicated above, each of the Balesteris executed a five-year covenant not to compete in the same business in Monterey. The only reasonable conclusion from these provisions is that the parties contemplated the reassumption and use of the trade name by Balesteri if, after a five-year period, Holler had paid the purchase price in full. This interpretation is also consistent with the specific provision of the promissory note that prevented Holler from paying more than 29 percent of the purchase price in the first year.

■ Holler relies on the general rule that where a business as a whole, including the good will, is transferred, the trade name is considered a part thereof and cannot be separated, whether or not it is specifically designated in the contract of sale, citing *Thomas Day Co. v. King* (9th Cir. 1930) 42 F.2d 421; *Ward-Chandler Bldg. Co.* v. *Caldwell,* 8 Cal.App.2d 375 [47 P.2d 758]; *Hall* v. *Holstrom,* 106 Cal.App. 563 [289 P. 668]).

We cannot agree. *Ward-Chandler Bldg. Co.* v. *Caldwell, supra,* involved a situation where the original holders of a trade name sold the use to such name to the respondent. Subsequently, a third party obtained judgment against the transferee of the trade name and sought to levy against the trade name to satisfy its judgment. *Hall* v. *Holstrom, supra,* involved a case of infringement on the use of a registered trade name by a person in competition with the holder. Unlike the instant case, neither of the above cases involved an action by the original holder of the trade name who had licensed the use for a limited time to the transferee. Rather, *Hall,* at page 569, reaffirms the basic principle involved in this case, the right to freely contract and bargain for property, codified by Business and Professions Code section 14401, quoted above at page 722.

The court is directed to enter judgment in favor of Balesteri against Holler; and also to determine whether the injunctive relief requested against further use of the trade name by Arcoleo and Mountford is

necessary and appropriate. In view of the above, it is not necessary to consider Arcoleo's and Mountford's contention on their cross-appeal that the good will of the business included the name of the business. Balesteri is to recover her costs on appeal.

The judgment is reversed.

Kane, J., and Rouse, J., concurred.