Filed 5/13/16  Kelly v. Matlock CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| PAUL KELLY, | D068639 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CIVDS1310397) |
| PAUL MATLOCK, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Bernardino County, Pamela P. King, Judge.  Affirmed.

Paul Matlock, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Plaintiff Paul Kelly sued Little Rock Special Needs Trust (Trust) and its beneficiary Paul Matlock (Matlock) for damages. Trust and Matlock, after eventually filing answers to the complaint, responded to Kelly's discovery requests by informing Kelly's counsel they would not answer the discovery.  The court granted Kelly's motion to compel certain responses, and to deem all requests for admissions admitted.

One year later, after Matlock and Trust did not comply with the previous discovery order, Kelly moved for terminating sanctions under Code of Civil Procedure[1] section 2023.010, pursuant to the authority contained in sections 2030.290 and 2031.320. The court entered an order granting terminating sanctions and ordered Matlock's answer be set aside and granted Kelly the right to proceed with default judgment proceedings. Matlock has appealed from the judgment.

ANALYSIS

On appeal, Matlock—who appears in propria persona—has filed a brief that is seriously defective under the provisions of the California Rules of Court, and we affirm the trial court's rulings on this procedural ground. Matlock's brief does not properly identify the order or judgment appealed from, does not include the required statement of the procedural history of the case, does not contain citations to the record supporting the factual assertions offered in appellant's brief, and contains no legal argument directed at whether the trial court erred by granting terminating sanctions, all of which are required by California Rules of Court, rule 8.204(a). Matlock's multiple failures and blatant violations of the California Rules of Court impede our review, and justify a finding that he has waived any arguments seeking to overturn the trial court's rulings. (See *Balesteri v. Holler* (1978) 87 Cal.App.3d 717, 720-721; *Hansen v. Sunnyside Products, Inc.* (1997) 55 Cal.App.4th 1497, 1503-1504, fn. 2.)

---

[1] All further references are to the Code of Civil Procedure.

Moreover, Matlock's brief interposes arguments that are largely incoherent. A civil litigant must abide by the same procedures, including appellate procedures, whether or not he or she chooses to employ an attorney. (*Bistawros v. Greenberg* (1987) 189 Cal.App.3d 189, 193; *Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795 ["[i]n propria persona litigants are entitled to the same, but no greater, rights than represented litigants and are presumed to know the [procedural and court] rules"].) That obligation places on Matlock, as the party who brought this appeal, the burden to show reversible error (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115-1116), and an appellate court is not required, on its own motion, to develop arguments for an appellant. (*Dills v. Redwoods Associates, Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1.)

If an order is correct on any theory, the appellate court will affirm it regardless of the trial court's reasoning (*Estate of Beard* (1999) 71 Cal.App.4th 753, 776-777), and it rests on the appellant to show reversible error, which means the "appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.] . . . Hence, conclusory claims of error will fail." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

The underlying judgment arose because the court ordered terminating sanctions after it ordered Matlock to respond to certain discovery requests, and Matlock refused to comply. Section 2030.290 provides in relevant part: "The court shall impose a monetary sanction under Chapter 7 (commencing with Section 2023.010) against any party, person, or attorney who unsuccessfully makes or opposes a motion to compel a response to

3

interrogatories, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust. *If a party then fails to obey an order compelling answers, the court may make those orders that are just, including the imposition of an issue sanction, an evidence sanction, or a terminating sanction* under Chapter 7 (commencing with Section 2023.010.). . . ." (§ 2030.290, subd. (c), italics added.) Section 2023.030, subdivision (d)(1), expressly authorizes the court to "strik[e] out the pleadings" of any party misusing the discovery process.

When a court has exercised the option of entering an order granting terminating sanctions, we apply the "abuse of discretion" as the standard for review (*Liberty Mutual Fire Ins. Co. v. LcL Administrators, Inc.* (2008) 163 Cal.App.4th 1093, 1101-1102), and it is the appellant's burden to establish an abuse of discretion. (*Kennedy v. Superior Court* (2006) 145 Cal.App.4th 359, 366.) Unless the appellant shows a clear case of abuse and that there has been a miscarriage of justice, we may not substitute our opinion and thereby divest the trial court of its discretionary power. (*Ibid*.) Matlock does not even *mention* the sanctions issue in his brief, much less make any effort to examine the substantive issues of whether the order was an abuse of discretion. Accordingly, Matlock has failed to show error in the order and we therefore affirm the judgment.

4

DISPOSITION

The judgment is affirmed.  Kelly is entitled to costs on appeal.


                                                                                    McDONALD, J.

WE CONCUR:


BENKE, Acting P. J.


IRION, J.