[Civ. No. 871.     Second Appellate District.—February 21, 1912.]

CECIL DuBOIS and ALBERT G. THURSTON, Appellants, v. L. H. PADGHAM, Respondent.

RESTRAINT OF TRADE—CONTRACT BETWEEN PARTNERS UPON DISSOLUTION —LIMITATION TO CITY—CONSTRUCTION OF CODE.—Under section 1673 of the Civil Code, every contract whereby one is restrained from exercising a lawful business is void, unless made pursuant to sections 1674 and 1675 of that code. While under section 1674 of the Civil Code one other than a partner may, where he sells the goodwill of a business, make a valid contract to refrain from carrying on a business similar to that sold within a specified county or city, the territorial limits as to which a partner may, by contract, restrict himself is under section 1675 of that code limited to a city or town.

ID.—INSUFFICIENT COMPLAINT AGAINST RETIRING PARTNER.—A complaint against a retiring partner who sold the goodwill of the business of publishing a directory in a specified city, and in soliciting contracts for advertising therefor throughout the county, which alleges a breach by entering into the publication of a directory in said county and in soliciting advertising therefor, which does not state that he published a directory for the same city, or sold any directory therein or solicited advertising therein, states no cause of action under section 1675 of the Civil Code for breach of the contract for sale of the goodwill of the partnership in said city.

ID.—CONSTRUCTION OF PLEADING AGAINST PLEADER.—A pleading must be construed most strongly against the pleader, and the general allegation that defendant "entered into the publication of a directory in said Orange county, and solicited advertising therefor, and in the same field and territory where plaintiffs were engaged in a similar business, and were exercising the goodwill purchased from said defendant as aforesaid," is wholly consistent with the fact that such publication was made and advertising solicited in other parts of the

county than the city where plaintiffs' directory is published; and so construed it fails to state a cause of action.

Id.—General Demurrer — Demurrer for Uncertainty — Judgment upon Demurrer—Amendment not Asked.—Where the court sustained both a general demurrer to the complaint and a demurrer for uncertainty, and rendered judgment upon the demurrer, from which the appeal is taken, and any construction of the pleading in favor of a cause of action would clearly render the complaint uncertain, the conclusion of the trial court was correct, in either point of view, and there having been no request for an amendment of the complaint, the judgment must be affirmed.

APPEAL from a judgment of the Superior Court of Orange County.  Z. B. West, Judge.

The facts are stated in the opinion of the court.

Dick Foye Harding, and R. P. Condon, for Appellants.

Scarborough & Forgy, for Respondent.

SHAW, J.—The court sustained defendant's demurrer to the second amended complaint, interposed upon the grounds of failure to state a cause of action, misjoinder of parties and uncertainty therein; and, plaintiffs declining to further amend their complaint, judgment was rendered against them, from which they appeal upon the judgment-roll.

The complaint shows that DuBois and defendant were co-partners in the business of publishing a directory in the city of Santa Ana, in Orange county, their office and location of business being in the Rossmore Hotel building in said city; that the business so conducted consisted of the "preparation of matter for the issuance, publication, distribution and sale of a certain book and publication known as the Directory of the city of Santa Ana, and other and similar publications in other places in Orange county, including the sale of said book and books, and the soliciting of persons and corporations for professional cards, business advertisements, and any and all forms of advertising matter, and the receiving of remuneration for the space occupied in said publications thereby; and that the principal value of said business was, and its principal asset consisted of, the goodwill thereof"; that on January 11, 1910, defendant, in consideration of $250 paid to him by

DuBois, sold his interest in the business to the latter, and executed an agreement as follows:

"For value received, I hereby transfer to Cecil Dubois all my right, title and interest in the directory and advertising business, now being conducted in the Rossmore Hotel building, the said Cecil DuBois to assume all indebtedness and contracts for advertising. I, L. H. Padgham, agree to not enter into the publishing of directories in Orange county, unless said Cecil Dubois abandons the business, or sells out to me or a partner of mine."

On February 21, 1910, DuBois sold and transferred to Thurston, his coplaintiff, a "one-half interest in all of said property formerly transferred to him by said L. H. Padgham, including an undivided one-half interest in the goodwill of said business"; that thereafter, as copartners, up to the time of the filing of the complaint, they conducted the same; that on or about February 15, 1910, which was before commencing the action, defendant, in violation of the terms of said agreement, "entered into the publication of a directory in said Orange county, and then and there and since has solicited advertising therefor" in the same territory where plaintiffs were likewise engaged, all to the damage of plaintiffs in the sum of $300.

Section 1673, Civil Code, provides that every contract whereby one is restrained from exercising a lawful business is void unless made pursuant to the provisions of sections 1674 and 1675 of said code. At the time of the purchase by DuBois he and the defendant were copartners in the business. The right of a partner to make a contract in restraint of business is limited by the provisions of section 1675, which provides: "Partners may, upon or in anticipation of a dissolution of the partnership, agree that none of them will carry on a similar business within the same city or town where the partnership business has been transacted, or within a specified part thereof." The sale necessarily worked a dissolution of the partnership, and was, therefore, made in anticipation of such dissolution. While under section 1674, Civil Code, one other than a copartner may, where he sells the goodwill of a business, make a valid agreement to refrain from carrying on a similar business to that sold within a specified county or city, the territorial limits as to which a partner may by con-

tract so restrict himself is, under section 1675, limited to a city or town. The restriction as to one must not exceed the territorial limits of the county, whereas as to the other it must not exceed the territorial limits of a city or town. Defendant's contract was not limited to any city or town, but by its terms he agreed not to enter into a business similar to that sold in Orange county. Even if it be conceded that, in order to render it valid, the contract should be limited in territorial extent to the city of Santa Ana (which question we do not decide), it does not appear from the complaint that defendant committed a breach of the contract by publishing any directories in the city of Santa Ana, it being alleged he "entered into the publication of a directory in said Orange county, and solicited advertising therefor, and in the same field and territory where plaintiffs were engaged in a similar business, and were exercising the goodwill purchased from said defendant as aforesaid." Such allegation is wholly consistent with the fact that such publication was made and advertising therefor solicited in other parts of the county than the city of Santa Ana, the exclusive right to all of which territory, as against defendant, plaintiffs claimed under the terms of the contract. A pleading must be construed most strongly against the pleader, and so construed the complaint fails to state a cause of action. Any other view than that here expressed would render the complaint clearly uncertain; so that whichever theory be adopted, the conclusion of the trial court was correct. Thurston was a proper party plaintiff. (*Johnston* v. *Los Angeles Distributing Co.*, 16 Cal. App. 321, [116 Pac. 973].)

It is unnecessary to discuss other points presented, further than to state that the affirmance of the judgment renders it unnecessary to pass upon respondent's motion to dismiss the appeal.

The motion is therefore dismissed and the judgment is affirmed.

Allen, P. J., and James, J., concurred.