[L. A. No. 14521. In Bank.—March 27, 1934.]

THOMAS STANLEY EDWARDS et al., Appellants, v. JOHN JOSEPH MULLIN, Respondent.

Gavin McNab, Schmulowitz, Wyman, Aikins & Brune, Nat Schmulowitz, George B. Harris, Loyd Wright and Charles E. Millikan for Appellants.

Finlayson, Bennett & Morrow and Henry L. Knoop for Respondent.

PRESTON, J.—The determination of this appeal rests upon our consideration of the main issue presented, to wit: Whether covenants in restraint of trade, contained in the contract which forms the basis of this action, render said contract illegal and void, in whole or in part, under sections 1673, 1674 and 1675 of the Civil Code.

Section 1673, *supra*, declares that ''Every contract by which anyone is restrained from exercising a lawful profession, trade, or business of any kind . . . is to that extent void.'' Section 1675 makes an exception in favor of partnership arrangements, declaring that partners may, in anticipation of dissolution of the partnership, ''agree that none of them will carry on a similar business *within the same city or town* where the partnership business has been transacted, or within a specified part thereof''.

On April 15, 1927, the parties to this action executed a written agreement for dissolution of their copartnership. The agreement recited that they had engaged ''in the tourist brokerage business *in the state of California*'', conducting an office in San Francisco and one in Los Angeles, and that they owned certain agency rights and agreements with Franco-Belgique Tours Company, Ltd., and other organizations. Said contract then set a time and place for final accounting and adjustment, and liquidation of the partnership affairs. Thereupon it provided for assignment by defendant to plaintiffs of all his aforesaid rights or agreements ''in and for that territory in the northern portion of the state of California generally designated as the *San Francisco territory,* commencing immediately north of Bakersfield, Kern County, California, and extending northerly to the northernmost border of said state, together with all business and goodwill of said copartnership in the said above-named territory, including said office of said copartnership, with all its furniture, furnishings, fixtures and

equipment, located at No. 582 Market street, San Francisco, California.'' Plaintiffs made a similar assignment to defendant covering all that ''territory in the southern part of the state of California generally designated as the Los Angeles territory'', from and including Bakersfield to the southernmost border of the state, together with the business and goodwill of the copartnership in said territory, including the office, etc., at 756 South Broadway, Los Angeles. Having thus divided their properties, the parties each covenanted to refrain from injuring one another or engaging in a like business in the other's territory for a period of twenty-five years.

Plaintiffs brought this action to recover damages in the sum of $14,000, caused by defendant's alleged breach of said contract in soliciting and accepting, through said Franco-Belgique Tours Co., Ltd., business originating in the city and county of San Francisco. Defendant objected to the introduction of any evidence under plaintiffs' second amended complaint on the ground that it failed to state a cause of action, in that said contract was void, being violative of said sections 1673, 1674 and 1675 of the Civil Code. The court below sustained the objection and entered judgment for defendant. Plaintiffs appealed.

It is apparent that the area embraced within the respective covenants of the contract exceeds the territorial limits prescribed by said sections of the Civil Code. Appellants claim that the territory designated is divisible, so that said agreement may be upheld in so far as it applies to the city and county of San Francisco, even conceding its invalidity as to the remaining portion of the so-called ''San Francisco territory''. Respondent urges that the parties were engaged in a business state-wide in scope, evidenced by the language of the contract and the known character of a tourist brokerage business, of which the court will take judicial notice, and that these facts render the entire agreement indivisible, illegal and void. To state respondent's position in his own language: ''Since the parties expressly covenanted with respect to entire areas, each of which greatly exceeds the limits permitted by statute, and with respect to a business that was conducted throughout those areas, the court cannot sever either area, and consequently each covenant is unenforceable in its entirety. To enforce either as to any portion of the area to which it relates would be to

make a new contract for the parties and this the courts cannot do . . . The covenants are mutual and one constitutes the consideration for the other. Since the consideration for each is in part unlawful, both covenants are entirely void.''

Appellants call our attention to the declaration of the statute (sec. 1673), that a contract which restrains trade is only ''to that extent void''; containing no element of moral turpitude, it is not *malum in se,* as distinguished from that which is merely proscribed by statute, *malum prohibitum.* Appellants also urge that we should have no difficulty in construing this contract as divisible, for the partnership maintained an office and transacted business at No. 582 Market Street, in the city and county of San Francisco, the boundaries of which city are definite and certain, and the area within the restriction imposed upon the remainder of the so-called ''San Francisco territory'' is capable of ascertainment and segregation. Furthermore, to so construe the contract as to perhaps permit defendant to profit from his alleged deliberate violation of his covenant would not promote fair dealing and the ends of justice.

We agree with appellants that the rule of severability may be here invoked to uphold the validity of that portion of said contract not violative of statute. Further discussion or review of the numerous authorities cited an both sides would not clarify this pronouncement. We recognize that the question is a close one and one upon which the authorities have long been divided. The effect of earlier decisions was to uphold part of a covenant of this character only when it appeared in divisible form. Later cases, however, even viewed in the light of respondent's effort to distinguish them, have gone far in the other direction and indeed the courts will now ''strain to put such a construction upon the covenant so as to save it in part'' (*Stanley Co.* v. *Lagomarsino,* 53 Fed. (2d) 112, 115). We therefore choose in this cause to state the holding which promises to promote justice and which conforms to the trend of modern authority as indicated by recent decisions wherein will be found a review of this subject, digest of earlier rulings and full citation of authority. See *Stanley Co.* v. *Lagomarsino, supra,* and *General Paint Corp.* v. *Seymour,* 124 Cal. App. 611 [12 Pac. (2d) 990].

The judgment is reversed with directions to the court below to proceed with trial of the cause.

Curtis, J., Thompson, J., Shenk, J., Seawell, J., and Waste, C. J., concurred.