[Civ. No. 22670.   Second Dist., Div. Two.   Mar. 5, 1958.]

LOUIS H. KAPLAN, Appellant, v. NALPAK CORPORA-
TION (a Corporation) et al., Respondents.

Harry Brody for Appellant.

J. Jay Shapiro and Paul P. Selvin for Respondents.

HERNDON, J. — Appeal from a declaratory judgment which determines the territorial limits within which appellant is legally bound to refrain from competitive business activity under the term of a covenant contained in a contract whereby appellant Kaplan sold to respondent Freedman all his shares in respondent Nalpak Corporation.

The cause was submitted to the trial court upon a stipulated statement of facts. Appellant and respondent Freedman, hereinafter referred to as "respondent," each owned one-half the issued and outstanding shares of respondent Nalpak Corporation, hereinafter referred to as the "corporation." The corporation was engaged in the manufacture and sale of hand trucks, dollies and other industrial equipment. Pursuant to a written agreement of sale dated March 21, 1956, respondent purchased all of appellant's stock. By the terms of the contract, appellant, the selling shareholder, promised as follows: "5. Kaplan further agrees not to re-establish, reopen, or in any manner become interested, directly or indirectly, either as an employee, owner, partner, agent, stockholder, director or officer of a corporation, or otherwise, in any business, trade, or occupation, the same as, similar or competitive to the business of Nalpak Corporation, within California and/or Arizona, for a term of Five (5) years from the date of this Agreement [continuing with exceptions not in issue] . . ."

It appears from the stipulation that both parties were represented by counsel in the negotiation of this agreement. In

August of 1956, five months later, appellant filed his complaint for declaratory relief alleging the existence of several controversial issues. During the trial, however, the dispute was narrowed to the single issue as to the extent of the territory within which the noncompetition covenant was valid and enforceable.

With respect to the geographical extent of Nalpak's operations, the parties stipulated as follows: ". . . that the defendant NALPAK CORPORATION has and prior to March 21, 1956, has had customers and sells and has sold to these customers in substantial amounts in the following counties of the State of California: Alameda, Contra Costa, Fresno, Humboldt, Imperial, Inyo, Kern, Kings, Los Angeles, Marin, Mendocino, Merced, Monterey, Orange, Riverside, Sacramento, San Bernardino, San Diego, San Francisco, San Joaquin, San Louis [sic] Obispo, San Mateo, Santa Barbara, Santa Clara, Santa Cruz, Solano, Sonoma, Stanislaus, Tulare, and Ventura. The defendants concede that they had no plant, physical structure, or other place of business from which it either manufactured, or shipped merchandise other than in Los Angeles at the time of the agreement, March 21, 1956; and that since the agreement the defendant NALPAK has a warehouse in San Francisco for which they pay $75.00 a month and have one employee, which warehouse was opened in April, 1956."

The applicable statutory provisions were enacted in 1941 as sections 16600 and 16601 of the Business and Professions Code:

"§ 16600. Contracts void. Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

"§ 16601. Exceptions: Sale of good will or corporate shares. Any person who sells the good will of a business, or any shareholder of a corporation selling or otherwise disposing of all his shares in said corporation, may agree with the buyer to refrain from carrying on a similar business within a specified county or counties, city or cities, or a part thereof, in which the business so sold, or that of said corporation, has been carried on, so long as the buyer, or any person deriving title to the good will or shares from him, carries on a like business therein."*

---

*The provisions of section 16601 relating to the sale of shares of a corporation were added by amendment in 1945.

The trial court agreed with respondents' contention that appellant's agreement to refrain from competition is valid in all of the 30 specified counties of California in which, according to the stipulation, the corporation had customers to whom it was making sales "in substantial amounts" at the date of the contract.

Appellant contended below, and now contends here, that his promise is not valid or enforceable beyond the limits of Los Angeles County. The essence of his argument is that the expression contained in section 16601, *supra*, "county or counties . . . in which the business . . . has been carried on . . ." must be construed to mean "where the business is located," that is to say, in the county or counties in which the corporation "had a plant, physical structure or other place of business."

Stated in another way, it is appellant's contention that under the stipulated facts it must be held as a matter of law that, although the corporation "had customers" and "sold to these customers in substantial amounts" in the several specified counties other than Los Angeles, its business had not been "carried on" in those other counties because it "had no plant, physical structure, or other place of business from which it either manufactured or shipped merchandise other than in Los Angeles at the time of the agreement."

We have concluded, after a review of the authorities hereinafter discussed, that appellant's contention is untenable. The cities or counties in which a corporation's business "has been carried on" within the meaning of section 16601 of the Business and Professions Code are not necessarily limited to those in which it has maintained plants, warehouses, stores or other physical structures.

At common law a contractual restriction upon competition, where its imposition was incident to the sale of a business, was valid and enforceable if the restriction was found reasonable in its duration and territorial scope. There was recognition of a logical relationship between the permissible territorial scope of the restriction and the limits of the area in which the good will of the business had been established. It was the policy of the law, within reasonable limits, to protect the purchaser in the enjoyment of the good will which he had purchased and paid for. (*City Carpet etc. Works* v. *Jones*, 102 Cal. 506 [36 P. 841]; 33 Cal.Jur.2d 377, § 35; 58 C.J.S. 1098, § 84.)

Prior to the enactment in 1941 of section 16600 et seq. of

the Business and Professions Code, the statutory law of California applicable to this type of contractual restraint was found in now-repealed sections 1673 and 1674 of the Civil Code reading as follows:

"Sec. 1673. Every contract by which any one is restrained from exercising a lawful profession, trade or business of any kind, otherwise than is provided in the next two sections, is to that extent void."

"Sec. 1674. One who sells the goodwill of a business may agree with the buyer to refrain from carrying on a similar business within a specified county, city, or part thereof, so long as the buyer, or any one deriving title to the goodwill from him, carries on a like business therein."

It is immediately obvious that former Civil Code section 1674 was substantially more restrictive than is the presently effective statute. Whereas the former limited the permissible scope of the restraint to "a specified county, city, or part thereof," the present statute extends it to "a specified county *or counties*, city *or cities*, or a part thereof, *in which the business . . . has been carried on.*" The policy implicit in section 16601 of the Business and Professions Code seems more nearly consistent with the common-law rule under which the territorial limits for permissible operation of covenants in restraint of competition were coextensive with the area in which the good will of the business in question had been established.

In view of the significant change in the statutory law to which we have alluded, the four cases cited and relied upon by appellant are without controlling force. All but one of the four were decided before 1941 and the fourth, although decided in 1947, applied the former statute because it was effective at the date of the contract involved. Therefore we shall discuss these four cases but briefly.

In the *City Carpet etc. Works* v. *Jones, supra,* 102 Cal. 506, the seller was engaged in the business of cleaning and renovating carpets at a certain address in San Francisco. In selling the business he agreed that for a period of 10 years he would not engage in a competing business in the city and county of San Francisco or in the counties of Alameda and San Mateo. The seller appealed from a judgment which enjoined him from competing with the buyer in the city and county of San Francisco, contending that the covenant was void because it covered three counties. Applying section 1674, Civil Code, the Supreme Court affirmed, holding that the

agreement was valid in the city and county in which the business was conducted. The respondent purchaser conceded that the contract was void insofar as the other two counties were concerned. The decision contains the following language: "At common law the territorial restriction imposed by this contract would doubtless have been considered valid, inasmuch as a portion of the value of the goodwill may have accrued from customers residing in these contiguous counties, though the business was conducted in one alone; and the purchaser, unless restricted by statute, or by a controlling public policy, was entitled to the whole of the goodwill which he purchased and paid for . . ."

In *Franz* v. *Bieler,* 126 Cal. 176 [56 P. 249, 58 P. 466], the defendant seller agreed that he would not engage in the wine and liquor business "within a radius of ten miles in either direction" from the specified Oakland address of the business sold. On appeal from an adverse judgment, the seller contended that the covenant was wholly void. In rejecting this contention the court held "that the description of the territory is good as to all of it that lies within Alameda County, such boundaries being capable of exact ascertainment, the code permitting the restriction to extend to 'a specified county, city, or a part thereof.' " (Citing Civ. Code, § 1674.)

In *General Paint Corp.* v. *Seymour,* 124 Cal.App. 611 [12 P.2d 990], the appellant sellers of a paint and varnish business contended that because the agreement of sale purported to prohibit them from engaging in a similar business within the entire state it was void. In rejecting this contention the appellate court again applied section 1674 and held the covenant valid as to Los Angeles County in which the operations of the business were centered.

In *Mahlstedt* v. *Fugit,* 79 Cal.App.2d 562 [180 P.2d 777], appellant was restrained for a period of 10 years from competing with respondent in Los Angeles County in the business of manufacturing and selling orchard heaters. The contract involved did not specify any territorial limits insofar as the noncompetition clause was concerned. It was executed in May of 1941. The holding of the appellate court so far as material to our present inquiry is indicated by the following language from the decision: "The law in force at the time the contract was executed became a part of the contract and it is presumed that the parties contracted with knowledge of the law. On the date of the contract sections 1673 and 1674 of the Civil Code were in effect. . . . In the instant case the

contract did not specify the territory in which appellant agreed that he would not engage in business. Prior to the sale appellant's business had been carried on in Los Angeles County and after the sale respondent conducted his business in the same county. The court construed the contract to be limited to the territory in which the parties respectively had conducted their businesses and restrained appellant from infringing on respondent's business in Los Angeles County. We find no error in the restraint thus imposed on appellant.''

█ In the instant case, the parties are presumed to have contracted with reference to the law as it existed in March of 1956 when the contract was signed. Under that law it was competent for the parties to agree to a restraint upon competition in the county *or counties* in which the business of the corporation had been carried on. Although formal findings of fact were waived in this case, the judgment itself states: ''(d) As of March 21, 1956, NALPAK CORPORATION carried on and did, and NALPAK CORPORATION now carries on and does substantial business in . . . [the included counties].''

█ It is our view that the trial court most reasonably could infer and find that the business of Nalpak Corporation had been ''carried on'' in all of the specified counties in which it had been selling its products to its customers ''in substantial amounts.'' Although the stipulation is silent as to the precise methods and procedures by which the corporation's sales had been effected, we cannot say as a matter of law that the trial court was not justified in drawing the inference that the selling of its products in substantial amounts involved the carrying on of business in the counties where such sales were made. We conclude that the trial court's interpretation of the contract is entirely reasonable in the light of the evidentiary facts stated in the stipulation. In these circumstances its judgment should not be disturbed. (*Estate of Rule,* 25 Cal.2d 1, 11 [152 P.2d 1003, 155 A.L.R. 1319] ; *Universal Sales Corp.* v. *California Press etc. Co.,* 20 Cal.2d 751, 772 [128 P.2d 665].)

It has been suggested that in determining the question here presented as to whether the corporation was ''carrying on'' its business in the included counties the trial court might well have applied the same test that is applied in determining whether a foreign corporation has been ''doing business'' within the state to such an extent as to be amenable to the service of process. Without deciding that this necessarily

would be the proper test, we can say without hesitation that its application would support the same conclusion. (*West Publishing Co.* v. *Superior Court,* 20 Cal.2d 720 [128 P.2d 777] ; *Kneeland* v. *Ethicon Suture Laboratories,* 118 Cal.App. 2d 211 [257 P.2d 727] ; *Lewis Mfg. Co.* v. *Superior Court,* 140 Cal.App.2d 245 [295 P.2d 145].)

The portion of the judgment appealed from is affirmed.

Fox, P. J., and Ashburn, J., concurred.