[Civ. No. 9288. Third Dist. Apr. 30, 1958.]

ANDERSON CROP DUSTERS, INC. (a Corporation), Appellant, v. GEORGE K. MATLEY, Respondent.

Richard E. Macey and Casey C. Carr for Appellant.

J. A. Montgomery, Jr., for Respondent.

VAN DYKE, P. J.—This is an appeal from a judgment of dismissal entered after the sustaining of a demurrer to the second amended complaint, which appellant, as plaintiff in the trial court, declined to amend. In 1952 appellant and respondent formed a partnership for the purpose of engaging in crop dusting in the county of San Joaquin. They dissolved the partnership in 1955 and appellant purchased the good will. The partnership agreement provided that upon dissolution of the partnership, and if appellant purchased the good will thereof, respondent would not "manage, own, operate, work as an employee, salesman, agent, or in any way carry on the business of crop dusting in the County of San Joaquin and in any other county wherein the partnership has conducted its business for a period of five years from the termination of this agreement, nor will he in any way enter into competition with the First Party [appellant] in any crop dusting venture in the County of San Joaquin for a period of five years from the termination of this agreement."

In violation of the restrictive covenant respondent continued to engage in crop dusting in the county of San Joaquin. Appellant brought the present action to enjoin him from so doing. The trial court sustained a general demurrer upon the ground that the quoted language of the contract violated the provisions of section 16602 of the Business and Professions Code, basing its decision upon the ruling in *DuBois* v. *Padgham*, 18 Cal.App. 298, 300-301 [123 P. 207]. ▇ When that case was decided the applicable statutes were found in sections 1673, 1674 and 1675 of the Civil Code. They now appear as sections 16600, 16601 and 16602 of the Business and Professions Code and, so far as pertinent here, were not changed when recodified. It was there held that under section 1673 of the Civil Code every contract whereby one is restrained from exercising a lawful business is void unless made pursuant to sections 1674 and 1675 of that code; that while under section 1674 of the Civil Code one other than a partner may, where he sells the good will of a business, make a valid contract to refrain from carrying on a business similar to that sold

within specified county or counties or specified city or cities, the territorial limits to which a partner may by contract restrict himself, is, under section 1675 of that code, limited to a city or town. Thus section 1675, which specially deals with partners, and now appears as section 16602 of the Business and Professions Code, was construed as limiting a partner who sells the good will of the business more severely than other persons were limited under section 1674 of the Civil Code, now section 16601. The decision cannot be distinguished on its facts from the present case and if it is to be followed supports the decision of the trial court. The court in a memorandum opinion expressed grave doubts that the decision correctly construed the section involved, but stated the court felt bound by the decision and compelled to apply it to the instant case.

Appellant earnestly contends that *DuBois* v. *Padgham* was erroneously decided and urges this court to so declare and to reverse the judgment appealed from. The argument appellant makes that the decision in *DuBois* v. *Padgham* is wrong is persuasive, but, like the trial court, we feel that the argument comes too late. *DuBois* v. *Padgham* was decided in 1912, and, although it did not come before the Supreme Court on petition for a hearing therein, it has stood as the only authoritative construction of the section for some 47 years. Peculiarly enough it has not been cited and appellant brings that fact to our attention in support of its arguments that we ought to here declare that we will not follow it. But many successive Legislatures have met since the opinion in that case was written and undoubtedly the legal profession, familiar with its terms, has in many matters adjusted the contracts of partners to it. We note further that in 1945 the Legislature had before it the code sections involved and amended the general section declaring restraining contracts void except as in the following sections expressly permitted by adding to those who could agree to such restraints, shareholders of corporations who sold their entire stockholdings. Notwithstanding it was considering the subject matter of the code sections with which we are here concerned, the Legislature left section 16602 as it stood with the construction given it so long before by the court in *DuBois* v. *Padgham*. Under the circumstances, we feel that we ought to consider the question here presented settled by that decision until and unless the Legislature declares otherwise, and, accordingly, we affirm that part of the judgment appealed from which is based on that decision.

The complaint herein contained a second count in addition to the one involving the code sections on restraint of trade and in that count appellant pleaded that after selling the good will of the business to appellant respondent had solicited former customers of the partnership for the purpose of obtaining crop dusting work. There was no pleading to the effect that respondent was using any information confidential in nature which had been obtained by him during the partnership operations nor that he was using knowledge of customer lists of the former partnership to his advantage or at all, nor that he in any wise represented to such former customers that the partnership business was still continuing as such. In short, the pleading merely asserts, as stated above, that having sold the good will, he was going forward with the same business in the same general area which the partnership had conducted. ■ In the absence of an enforcible contract containing negative covenants to the contrary equity will not enjoin a former business associate from soliciting business of the former association provided the competition is fairly and legally conducted. (*Aetna Building Maintenance Co.* v. *West*, 39 Cal.2d 198, 203 [246 P.2d 11].) Equity will never enjoin fair competition. In fact, agreements not to compete are banned by the law generally and by our code specially, save for the permitted exceptions stated in the code. Since the allegations of the second count go no further than to allege competition and allege no unfairness, other than the bare fact that, having sold the good will of the business, respondent entered into competition, it is obvious that the second count in the complaint stated no cause of action.

The judgment appealed from is affirmed.

Warne, J. pro tem.,* and Schottky, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 25, 1958. Shenk, J., was of the opinion that the petition should be granted.

---

*Assigned by Chairman of Judicial Council.