[Civ. No. 26389. First Dist., Div. Two. Nov. 25, 1970.]

E. A. ROBERTS, Plaintiff and Respondent, v.
L. M. PFEFER et al., Defendants and Appellants.

**COUNSEL**

McCutchen, Doyle, Brown & Enersen, Chandler & Bruner and Richard Murray for Defendants and Appellants.

Joseph W. Jay, Jr., and Richard G. Logan for Plaintiff and Respondent.

**OPINION**

**TAYLOR, J.**—This appeal is from a judgment awarding to respondent Roberts, a former partner, declaratory relief and the stipulated amount of $37,925.40, representing his interest in a medical partnership with appellants. Appellants, the remaining partners, contend that: 1) respondent is not entitled to recover his interest in the partnership, as after his withdrawal, respondent practiced medicine in southern Alameda County in violation of the territorial restriction of the covenant not to compete in the July 1, 1959 agreement of the parties; 2) the trial court erred in concluding that the territorial restriction of the covenant was illegal and unenforceable pursuant to Business and Professions Code section 16602, as the restriction was valid under Business and Professions Code section 16601; 3) the 1961 amendment of section 16602, which expressly permits the territorial restriction here in issue can be retroactively applied to the 1959 agreement; and, in the alternative, that: 4) the 1959 agreement was reexecuted by all

parties on the admission of new partners on several occasions after the 1961 amendment of section 16602. The latter contention is accompanied by an application to produce additional evidence on appeal, pursuant to rule 23(b), California Rules of Court.

The facts are not in dispute and were found substantially as follows by the trial court. All of the parties are duly licensed physicians who, on July 1, 1959, entered into a professional partnership agreement for the general practice of medicine. The parties carried on their medical practice in the City of Hayward until October 1, 1966, when respondent withdrew. At this time, the value of respondent's interest in the partnership was the stipulated amount of $37,925.40. After his withdrawal, respondent opened an office for the general practice of medicine in that portion of Alameda County south of the city limits of Oakland, California, but not within the city limits of Hayward.

Appellants refused to pay any amount to respondent, contending that he had violated paragraph 16 of the agreement, which provided, so far as pertinent: "The partners hereby mutually agree, in the event of their withdrawal or expulsion from the partnership, not to enter the private practice of medicine in that portion of Alameda County south of the city limits of Oakland, California, alone or in another partnership, for a period of three (3) years," and that on violation of this provision, all amounts due would be forfeited.

The trial court found that that portion of the covenant not to compete and prohibiting practice in the same county as the partnership business was invalid and unenforceable against respondent, pursuant to sections 16600 and 16602 of the Business and Professions Code, and entered judgment in favor of respondent for the total stipulated amount of $37,925.40.

On July 1, 1959, when the parties entered into their partnership agreements, the pertinent provisions of the Business and Professions Code provided:

Section 16600: "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

Section 16601: "Any person who sells the good will of a business, or any shareholder of a corporation selling or otherwise disposing of all his shares in said corporation, may agree with the buyer to refrain from carrying on a similar business within a specified county or counties, city or cities, or a part thereof, in which the business so sold, or that of said corporation, has been carried on, so long as the buyer, or any person deriving title to the good will or shares from him, carries on a like business therein."

Section 16602: "Partners may, upon or in anticipation of a dissolution of the partnership, agree that none of them will carry on a similar business within the same city or town or a specified part thereof, where the partnership business has been transacted."[1]

■ Section 16602 limits the territory in which a partner, by contract, may restrain himself not to carry on a business similar to that of the dissolving partnership to a city or town (*DuBois* v. *Padgham,* 18 Cal.App. 298 [123 P. 207].) This interpretation of section 16602, based on the identical language of the former statute, Civil Code section 1675, is well established (*Stephens* v. *Bean,* 65 Cal.App. 779 [224 P. 1022]; *Anderson Crop Dusters, Inc.* v. *Matley,* 159 Cal.App.2d 811 [324 P.2d 710]) and was recently approved in *Swenson* v. *File,* 3 Cal.3d 389 [90 Cal. Rptr. 580, 475 P.2d 852], wherein, as here, it was argued that former section 16602 was intended to apply only to situations wherein, on dissolution, none of the partners carry on the business in its former location.

Likewise, in *Swenson,* as here, the remaining partners argued for the retroactive application of the 1961 amendment to section 16602. ■ Our Supreme Court rejected this contention by citing the general rule that " 'all applicable laws in existence when an agreement is made, which laws the parties are presumed to know and to have had in mind, necessarily enter into the contract and form a part of it, without any stipulation to that effect, as if they were expressly referred to and incorporated.' (*Alpha Beta Food Markets* v. *Retail Clerks,* 45 Cal.2d 764, 771 [291 P.2d 433].) However, laws enacted subsequent to the execution of an agreement are not ordinarily deemed to become part of the agreement unless its language clearly indicates this to have been the intention of the parties. (See *Interinsurance Exchange* v. *Ohio Cas. Ins. Co.,* 58 Cal.2d 142, 148-149 [23 Cal.Rptr. 592, 373 P.2d 640]; *Equitable Bldg. & Loan Assn.* v. *Wolfangle,* 111 Cal.App. 119, 123 [295 P. 388].)" (P. 393.) The court also indicated (at p. 394) "that a contract, or provision in a contract, which contravenes public policy when made is not validated by a later statutory change in that public policy." It was further held (at p. 394) that parties are presumed to have had existing law in mind when they executed their agreement, and "to hold that subsequent changes in the law which impose greater burdens or responsibilities upon the parties become part of that agreement would result in modifying it without their consent, and would

---

[1]In 1961, section 16602 was amended to read as follows: "Any partner may, upon or in anticipation of a dissolution of the partnership, agree that he will not carry on a similar business *within a specified county or counties, city or cities, or a part thereof,* where the partnership business has been transacted, so long as any other member of the partnership, or any person deriving title to the business or its goodwill from any such other member of the partnership, carries on a like business therein. [Amended by Stats. 1961, ch. 1091, § 1.]" The changes of significance here are italicized.

promote uncertainty in commercial transactions. (See *Equitable Bldg. & Loan Assn.* v. *Wolfangle, supra,* 111 Cal.App. 119, 122-123.)"

■  However, here, as in *Swenson,* the provisions of section 16602 do not invalidate the covenant not to compete in its entirety, and the rule of severability may be invoked to uphold the covenant to the extent that it falls within the limits permitted by the statute.

Furthermore, in *Swenson,* the court held that in enacting former section 16602, the Legislature intended to embody the common law concept of reasonableness, and the phrase "carry on a similar business" should be interpreted more broadly than merely referring to the physical location of the convenantor's operation,[2] and that in using the phrase, the Legislature had in mind "the direct or indirect transaction or solicitation of substantial business activities in competition with the covenantee . . . rather than the occurrence of isolated, occasional transactions not substantially affecting the covenantee's competitive position" (at p. 397).

As the trial court here did not have the benefit of this interpretation and therefore, could not apply the above mentioned standards to the instant case, the matter must be remanded. The trial court is directed to make findings as to the reasonableness of the restriction of the covenant under the circumstances (i.e., the fact that respondent's new office, although beyond the city limits of Hayward, was very close to the partnership office, the population of the areas involved, and whether respondent had in fact enticed a sufficient number of appellants' patients to substantially affect appellants' competitive position. Additional evidence may be admitted for this limited purpose.

■  As to appellants' final contention concerning the reexecution of the agreement after the 1961 amendment, and their accompanying application to produce additional evidence on appeal pursuant to rule 23(b), on the record presently before us, the application would have to be denied as there was no evidence of any such reexecution of the 1959 agreement after the 1961 amendment to Business and Professions Code section 16602 became effective. A change of theory may be permitted on appeal where there is involved only a question of law on agreed facts (*De Angeles* v. *Roos Bros., Inc.,* 244 Cal.App.2d 434, 443 [52 Cal.Rptr. 783]; *Roberts* v. *Roberts,* 241 Cal.App.2d 93, 98 [50 Cal.Rptr. 408]). The record before us does not set forth any facts that could warrant the application of this exception. However, since the case is being remanded, the trial court, in

---

[2]" 'When a business is sold with its goodwill and the seller agrees not to open a competing business within the same city or the same county, it is a reasonable interpretation to find that the contract prohibits opening of a competing business just outside the city or county limits for the purpose of enticing old customers within those limits. . . .' (6A Corbin, Contracts, § 1386, at p. 54.)" (P. 396.)

its discretion, may want to admit and consider the evidence pertaining to the subsequent agreements, in addition to the question of reasonableness.

The judgment is reversed with directions to the trial court to undertake further proceedings for the limited purpose of ascertaining the reasonableness of the restriction under the particular circumstances here presented and, at its discretion, the matter of subsequent agreements.

Shoemaker, P. J., and Agee, J., concurred.