[No. G036177. Fourth Dist., Div. Three. Sept. 11, 2006.]

STRATEGIX, LTD., et al., Plaintiff and Appellants, v.
INFOCROSSING WEST, INC., et al, Defendants and Respondents.

INFOCROSSING WEST, INC., et al., Plaintiffs and Respondents, v.
MATTHEW AARSVOLD et al., Defendants and Appellants.

## COUNSEL

Jackson, DeMarco, Tidus & Peckenpaugh, William M. Hensley, Marc Alexander and Jeff J. Astarabadi for Plaintiffs and Appellants and for Defendants and Appellants Strategix, LTD., and ePassage, Inc.

Matthew Aarsvold, in pro. per., for Plaintiff and Appellant and for Defendant and Appellant.

Gordee, Nowicki & Arnold and Alan J. Gordee for Defendants and Respondents and for Plaintiffs and Respondents.

## OPINION

**IKOLA, J.**—Matthew Aarsvold, Strategix, Ltd., and ePassage, Inc. (appellants), appeal from an order granting a preliminary injunction to respondents Infocrossing West, Inc., and Infocrossing Services West, Inc. (respondents).[1] The court enforced nonsolicitation covenants contained in

---

[1] Infocrossing West, Inc., is the parent of Infocrossing Services West, Inc. For purposes of this opinion, it is not necessary to distinguish between parent and subsidiary. Thus, we will refer to them collectively as Infocrossing.

agreements by which Strategix, with the consent of its parent company, ePassage, sold its goodwill and substantially all of its assets to Infocrossing's predecessor, Systems Management Specialists (SMS). The preliminary injunction barred appellants from soliciting Infocrossing's employees or customers.

The nonsolicitation covenants are unenforceable because they are broader than permitted by the statute that authorizes noncompetition covenants reached in connection with the sale of a business, Business and Professions Code section 16601.[2] Section 16601 allows a seller to agree not to compete with the buyer in the geographic location where the seller had carried on business. The permissible scope of the covenant is thus tied to *the sold business*. The nonsolicitation covenants here wrongly barred appellants from soliciting *the buyer's* employees and customers, rather than the former employees and customers of the seller, Strategix. The court thus erred by granting the preliminary injunction.

## FACTS

ePassage and Strategix agreed to sell Strategix's goodwill and substantially all of its assets to Infocrossing's predecessor, SMS. The parties executed two contracts in connection with the sale: An asset purchase agreement between Strategix and SMS and a consulting services agreement between ePassage and SMS.

The consulting agreement contained two nonsolicitation covenants. One prohibited ePassage from soliciting SMS's employees for one year after the termination of the consulting relationship. The other prohibited ePassage from soliciting SMS's customers for the same period.

ePassage and Strategix rescinded the purchase and consulting agreements, and shortly thereafter sued Infocrossing. The complaint alleged Infocrossing breached the consulting agreement and caused a failure of consideration for both agreements.

Infocrossing then filed a complaint against ePassage, Strategix, and Aarsvold. It alleged appellants breached the nonsolicitation covenants, and sought a permanent injunction.

---

[2] All further statutory references are to this Business and Professions·Code.

The court soon issued a temporary restraining order forbidding appellants from soliciting Infocrossing's customers or employees. The court also ordered appellants to show cause why it should not issue a preliminary injunction. After consolidating the two cases and holding a hearing, the court issued a preliminary injunction enjoining appellants from soliciting Infocrossing's customers or employees.

## DISCUSSION

Where the propriety of an order granting a preliminary injunction " 'depends upon a question of law . . . the standard of review is not abuse of discretion but whether the superior court correctly interpreted and applied [the] law, which we review de novo.' " (*Vo v. City of Garden Grove* (2004) 115 Cal.App.4th 425, 433 [9 Cal.Rptr.3d 257].) The issue here is whether the court correctly applied a statutory exception authorizing noncompetition covenants. We will therefore review the court's order independently. (*Ibid.*)

■ California's public policy affirms a person's right to pursue the lawful occupation of his or her choice. (*Metro Traffic Control, Inc. v. Shadow Traffic Network* (1994) 22 Cal.App.4th 853, 859 [27 Cal.Rptr.2d 573].) Our Legislature codified this public policy in section 16600. It provides, "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." (*Ibid.*) The nonsolicitation covenants here are subject to section 16600 because they restrict appellants' ability to compete. (*Thompson v. Impaxx, Inc.* (2003) 113 Cal.App.4th 1425, 1429 [7 Cal.Rptr.3d 427].)

Courts will enforce a noncompetition covenant, however, if the parties entered into it as part of the sale of a business. Section 16601 sets forth the specific requirements for this exception. It provides, "Any person who sells the goodwill of a business . . . may agree with the buyer to refrain from carrying on a similar business within a specified geographic area in which the business so sold . . . has been carried on, so long as the buyer . . . carries on a like business therein."[3] (*Ibid.*)

Section 16601's exception serves an important commercial purpose by protecting the value of the business acquired by the buyer. "In the case of the sale of the goodwill of a business it is 'unfair' for the seller to engage in

---

[3] In their opening brief, appellants contended section 16601 does not apply here because the nonsolicitation covenants appear in a consulting agreement, not the sale agreement, and because they lack a geographic restriction. We asked for additional briefing on whether the nonsolicitation covenants are unenforceable because they bar defendants from soliciting Infocrossing's (the *buyer's*) customers and employees. Because this issue is determinative, we need not reach appellants' contentions.

competition which diminishes the value of the asset he sold." (*Monogram Industries, Inc. v. Sar Industries, Inc.* (1976) 64 Cal.App.3d 692, 698 [134 Cal.Rptr. 714] (*Monogram*).) Thus, "[t]he thrust of . . . section 16601 is to permit the purchaser of a business to protect himself or itself against competition from the seller which competition would have the effect of reducing the value of the property right that was acquired." (*Id.* at p. 701.) "One of the primary goals of section 16601 is to protect the buyer's interest in preserving the goodwill of the acquired corporation." (*Hilb, Rogal & Hamilton Ins. Services v. Robb* (1995) 33 Cal.App.4th 1812, 1825 [39 Cal.Rptr.2d 887] (*Hilb*).)

To further this purpose while still respecting the public policy against restraints of trade, section 16601 limits the geographic scope of a noncompetition covenant to the area where the sold company carried on business. (*Monogram, supra,* 64 Cal.App.3d at p. 701; *Kaplan v. Nalpak Corp.* (1958) 158 Cal.App.2d 197, 201 [322 P.2d 226].) Otherwise, a seller could be barred from engaging in its business in places where it poses little threat of undercutting the company it sold to the buyer.

By extension, we conclude courts may enforce nonsolicitation covenants barring the seller from soliciting *the sold business's* employees and customers. (Cf. § 16601 [sellers may agree not to compete where "the business so sold" was carried on].) These covenants prevent the seller from unfairly depriving the buyer of the full value of its acquisition, including its goodwill. (See *Monogram, supra,* 64 Cal.App.3d at p. 701; *Hilb, supra,* 33 Cal.App.4th at p. 1825.) The sold business's goodwill is the " 'expectation of . . . that patronage which has become an asset of the business.' " (*Hill Medical Corp. v. Wycoff* (2001) 86 Cal.App.4th 895, 902, fn. 6 [103 Cal.Rptr.2d 779] (*Hill*).) A covenant not to solicit the sold business's employees and customers prevents the seller from eroding the very goodwill it sold, while allowing the seller otherwise to pursue its chosen business with whatever employees and customers it can attract. (Cf. § 16600.)

On the other hand, nonsolicitation covenants barring the seller from soliciting *all* employees and customers of the buyer, even those who were not former employees or customers of the sold business, extend their anticompetitive reach beyond "the business so sold." (§ 16601.) They do more than ensure the buyer receives the full value of the business it bought, whose goodwill does not include " 'the patronage of the general public.' " (*Hill, supra,* 86 Cal.App.4th at p. 902, fn. 6.) The covenants would give the buyer broad protection against competition wherever it happens to have employees or customers, at the expense of the seller's fundamental right to compete for employees and customers in the marketplace. (Cf. § 16600.)

In addition, practical concerns militate against barring the seller from soliciting *the buyer's* employees and customers, rather than *the sold business's* employees and customers. The seller presumably is familiar with the sold business's employees and customers as of the date of sale. Thus, the seller has some basis for determining who it may and may not solicit pursuant to the nonsolicitation covenants. But the seller is far less likely to be familiar with the buyer's employees and customers, especially as time passes. "An injunction must be narrowly drawn to give the party enjoined reasonable notice of what conduct is prohibited." (*Thompson v. 10,000 RV Sales, Inc.* (2005) 130 Cal.App.4th 950, 979 [31 Cal.Rptr.3d 18].) Sellers would lack that reasonable notice if courts enforced nonsolicitation covenants directed at the buyer's employees and customers.

Infocrossing concedes the nonsolicitation covenants should apply only to Strategix's employees and customers. As it aptly and commendably observes, "the key to any understanding of Section 16601 lies in recognizing that a competitive restraint created under it can extend only as far as the operations of the business that was sold. A non-solicitation clause cannot be enforced beyond that nexus."

Infocrossing instead asks us to modify the preliminary injunction to address only Strategix's former customers and employees. Courts have "blue penciled" noncompetition covenants with overbroad or omitted geographic and time restrictions to include reasonable limitations. (See *Swenson v. File* (1970) 3 Cal.3d 389, 395–396 [90 Cal.Rptr. 580, 475 P.2d 852]; *Mahlstedt v. Fugit* (1947) 79 Cal.App.2d 562, 566 [180 P.2d 777].) But courts will not strike a new bargain for the parties "for the purpose of saving an illegal contract." (*Kolani v. Gluska* (1998) 64 Cal.App.4th 402, 407 [75 Cal.Rptr.2d 257] (*Kolani*).) In *Kolani*, the court declined to "rewrite the broad covenant not to compete into a narrow bar on theft of confidential information."[4] (*Id.* at p. 408.) We decline to rewrite overbroad covenants not to solicit Infocrossing's employees and customers into narrow bars against soliciting Strategix's former employees and customers. Had the parties intended to reach such limited—and enforceable—covenants, they could have negotiated for them. We will not do so for the parties now.

---

[4] In dicta, *Kolani* notes some courts "saved" noncompetition covenants through narrow construction when the goodwill exception otherwise applied. (*Kolani, supra,* 64 Cal.App.4th at p. 407.) The cited cases are unpersuasive. In *John F. Matull & Associates, Inc. v. Cloutier* (1987) 194 Cal.App.3d 1049 [240 Cal.Rptr. 211], the covenants themselves were enforceable; the court merely modified the injunction's overbroad language. (*Id.* at pp. 1055–1056.) In *General Paint Corp. v. Seymour* (1932) 124 Cal.App. 611 [12 P.2d 990], the court implied a reasonable geographic restriction. (*Id.* at pp. 614–615.) Neither case "saved" an unenforceable noncompetition covenant by changing its basic subject matter, as Infocrossing would have us do here.

## DISPOSITION

The order granting the preliminary injunction is reversed. Appellants shall recover their costs on appeal.

Bedsworth, Acting P. J., and O'Leary, J., concurred.